

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00205-CR

| | | |
|---|---|---|
| Raymond Keith Hulsey | § | From Criminal District Court No. 1 |
| | § | of Tarrant County (0939820W) |
| v. | § | February 21, 2013 |
| | § | Opinion by Justice Walker |
| The State of Texas | § | (nfp) |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker


### NO. 02-12-00205-CR

---------

RAYMOND KEITH HULSEY             APPELLANT

V.

THE STATE OF TEXAS             STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is a probation revocation appeal. Appellant Raymond Keith Hulsey pleaded guilty to felony driving while intoxicated and was sentenced to ten years' confinement, probated for ten years. The State filed a petition to revoke Appellant's probation, alleging four grounds for revocation. Appellant pleaded not true to paragraphs one through three (alleging that he had consumed alcohol in violation of his probation and that he had tested positive for methamphetamine

---

[1]*See* Tex. R. App. P. 47.4.

and amphetamine) but pleaded true to paragraph four (alleging that he failed to verify full employment). The trial court found that Appellant had violated all four paragraphs and sentenced him to ten years' confinement. In two issues, Appellant contends that the trial court erred by failing to conduct a punishment hearing after determining that he had violated the terms of his probation, that the trial court erred by overruling his motion for new trial, and that the ten-year sentence imposed by the trial court constituted cruel and unusual punishment. We will affirm.

In his first issue, Appellant contends that the trial court should have allowed him a second phase of the revocation hearing so that mitigation evidence could be produced and should have granted Appellant's motion for new trial raising the denial of his right to a punishment hearing. Appellant claims that the trial court committed harmful error by simultaneously finding that he had violated his probation and sentencing him before he had an opportunity to present mitigation testimony. At the hearing on the State's motion to revoke, Appellant did not object to the lack of a punishment hearing nor request the opportunity to present mitigating evidence. Appellant did file a motion for new trial, asserting that a new trial should be granted because the trial court deprived him of a punishment phase at the probation revocation hearing. The motion for new trial was overruled by operation of law.

The court of criminal appeals has addressed the exact argument raised by Appellant and has held as follows:

3

> [W]e discern no error on the part of the trial court. If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation. Part of being prepared for a revocation hearing is being prepared to present evidence and argument on the question of the proper disposition in the event that the trial court finds that the conditions of probation have been violated.

*Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007). Appellant here relies on the case of *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992), to support his position that he was entitled to a separate punishment hearing, but the court of criminal appeals in *Euler* rejected this argument too, explaining that *Issa* does "not stand for a general right to a separate punishment hearing." 218 S.W.3d at 92. And finally, Appellant and Appellant's brother testified at the revocation hearing; both testified that Appellant had been treated for lymphoma, and Appellant testified that he was prescribed antibiotics around the time that he failed his UA. Thus, Appellant did have the opportunity to present mitigating evidence, although that opportunity came before the trial court revoked his probation. *See Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (rejecting appellant's argument that he was entitled to a separate punishment hearing after his probation was revoked and pointing out that appellant had the opportunity to and did present mitigating evidence during the hearing before the trial court revoked his probation). For these reasons, the trial court did not err by failing to sua sponte conduct a separate punishment hearing after revoking

4

Appellant's probation or by failing to grant Appellant's motion for new trial asserting the right to a separate punishment hearing. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court's imposition of a sentence of ten years' confinement constituted cruel and unusual punishment. In addressing an Eighth Amendment disproportionality complaint, we first compare the gravity of the offense against the severity of the sentence. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). Only after a determination that the sentence is grossly disproportionate to the offense do we proceed to consider other factors. *Id.* at 541.

Here, Appellant has not shown that his sentence of ten years' confinement is grossly disproportionate to the gravity of the offense he committed—felony DWI. Although Appellant argues that a ten-year sentence was not warranted because he had successfully complied with the terms of his probation for several years and because he produced evidence that he was not intoxicated and had not been taking drugs when he failed his UA, our comparison of the gravity of the offense and the punishment assessed must evaluate the original offense, not the probation violations. *See Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.). The punishment imposed upon Appellant reflects the seriousness of not only his most recent DWI offense standing alone, but also that offense in light of his previous DWI convictions. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992). Viewed in this

5

light, we hold that Appellant's punishment of ten years' confinement was not unconstitutionally disproportionate. *See Rummel v. Estelle*, 445 U.S. 263 (1980).[2] We overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 21, 2013

---

[2]Even if we determined a disproportionality did exist between the gravity of Appellant's offense and the punishment assessed, there is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which we could address the next two factors in an Eighth Amendment cruel-and-unusual-punishment analysis. *See Solem v. Helm*, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983) (explaining that disproportionality analysis includes comparison of the sentence received to sentences for similar crimes in the jurisdiction and sentences for the same crime in other jurisdictions).