02-12-205-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00205-CR

 

 


 
 
 Raymond
 Keith Hulsey
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From Criminal District
 Court No. 1
  
 of
 Tarrant County (0939820W)
  
 February
 21, 2013
  
 Opinion
 by Justice Walker
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00205-CR

 

 


 
 
 Raymond Keith Hulsey
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is a probation revocation appeal.  Appellant Raymond Keith Hulsey pleaded
guilty to felony driving while intoxicated and was sentenced to ten years’
confinement, probated for ten years.  The State filed a petition to revoke
Appellant’s probation, alleging four grounds for revocation.  Appellant pleaded
not true to paragraphs one through three (alleging that he had consumed alcohol
in violation of his probation and that he had tested positive for
methamphetamine and amphetamine) but pleaded true to paragraph four (alleging
that he failed to verify full employment).  The trial court found that
Appellant had violated all four paragraphs and sentenced him to ten years’
confinement.  In two issues, Appellant contends that the trial court erred by
failing to conduct a punishment hearing after determining that he had violated
the terms of his probation, that the trial court erred by overruling his motion
for new trial, and that the ten-year sentence imposed by the trial court
constituted cruel and unusual punishment.  We will affirm.

          In
his first issue, Appellant contends that the trial court should have allowed him
a second phase of the revocation hearing so that mitigation evidence could be produced
and should have granted Appellant’s motion for new trial raising the denial of
his right to a punishment hearing.  Appellant claims that the trial court
committed harmful error by simultaneously finding that he had violated his
probation and sentencing him before he had an opportunity to present mitigation
testimony.  At the hearing on the State’s motion to revoke, Appellant did not
object to the lack of a punishment hearing nor request the opportunity to
present mitigating evidence.  Appellant did file a motion for new trial,
asserting that a new trial should be granted because the trial court deprived
him of a punishment phase at the probation revocation hearing.  The motion for
new trial was overruled by operation of law.

          The
court of criminal appeals has addressed the exact argument raised by Appellant
and has held as follows:

[W]e discern no error
on the part of the trial court.  If appellant wanted an opportunity to present
evidence and argument on the question of punishment, it was incumbent upon him
to ask for that opportunity and to be ready to present such evidence and
argument as soon as the trial court announced its finding that he had violated
the conditions of his probation.  Part of being prepared for a revocation
hearing is being prepared to present evidence and argument on the question of
the proper disposition in the event that the trial court finds that the
conditions of probation have been violated.

 

Euler
v. State, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).  Appellant
here relies on the case of Issa v. State, 826 S.W.2d 159 (Tex. Crim.
App. 1992),  to support his position that he was entitled to a separate
punishment hearing, but the court of criminal appeals in Euler rejected
this argument too, explaining that Issa does “not stand for a general
right to a separate punishment hearing.”  218 S.W.3d at 92.  And finally,
Appellant and Appellant’s brother testified at the revocation hearing; both
testified that Appellant had been treated for lymphoma, and Appellant testified
that he was prescribed antibiotics around the time that he failed his UA. 
Thus, Appellant did have the opportunity to present mitigating evidence,
although that opportunity came before the trial court revoked his probation.  See
Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999) (rejecting
appellant’s argument that he was entitled to a separate punishment hearing
after his probation was revoked and pointing out that appellant had the
opportunity to and did present mitigating evidence during the hearing before
the trial court revoked his probation).  For these reasons, the trial court did
not err by failing to sua sponte conduct a separate punishment hearing after
revoking Appellant’s probation or by failing to grant Appellant’s motion for
new trial asserting the right to a separate punishment hearing.  We overrule
Appellant’s first issue.

In
his second issue, Appellant contends that the trial court’s imposition of a
sentence of ten years’ confinement constituted cruel and unusual punishment.  In
addressing an Eighth Amendment disproportionality complaint, we first compare
the gravity of the offense against the severity of the sentence.  Moore v.
State, 54 S.W.3d 529, 542 (Tex. App.––Fort Worth 2001, pet. ref’d).  Only
after a determination that the sentence is grossly disproportionate to the
offense do we proceed to consider other factors.  Id. at 541.

Here,
Appellant has not shown that his sentence of ten years’ confinement is grossly
disproportionate to the gravity of the offense he committed––felony DWI.  Although
Appellant argues that a ten-year sentence was not warranted because he had successfully
complied with the terms of his probation for several years and because he produced
evidence that he was not intoxicated and had not been taking drugs when he
failed his UA, our comparison of the gravity of the offense and the punishment assessed
must evaluate the original offense, not the probation violations.  See
Sullivan v. State, 975 S.W.2d 755, 756 (Tex. App.––Corpus Christi 1998, no
pet.).  The punishment imposed upon Appellant reflects the seriousness of not
only his most recent DWI offense standing alone, but also that offense in light
of his previous DWI convictions.  See McGruder v. Puckett, 954
F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992).  Viewed in
this light, we hold that Appellant’s punishment of ten years’ confinement was
not unconstitutionally disproportionate.  See Rummel v. Estelle, 445
U.S. 263 (1980).[2]  We overrule Appellant’s
second issue.

Having
overruled both of Appellant’s issues, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; WALKER and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 21,
2013









[1]See Tex. R. App. P. 47.4.





[2]Even if we determined a disproportionality did exist
between the gravity of Appellant’s offense and the punishment assessed, there is no evidence in the record reflecting
sentences imposed for similar offenses on criminals in Texas or other
jurisdictions by which we could address the
next two factors in an Eighth Amendment cruel-and-unusual-punishment analysis. 
See Solem v. Helm, 463 U.S. 277, 292, 103 S. Ct. 3001, 3011 (1983) (explaining
that disproportionality analysis includes comparison of the sentence received
to sentences for similar crimes in the jurisdiction and sentences for the same
crime in other jurisdictions).