Michael Miller **EULER**, Appellant,

v.

The **STATE** of Texas.

No. PD–0472–05.

Court of Criminal Appeals of Texas.

March 21, 2007.

Don L. Hendrix, Houston, for appellant.

Alan Curry, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for the State.

HOLCOMB, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined.

The question presented in this case is whether the trial court violated appellant's federal constitutional right to due process of law when it revoked his community supervision[1] and assessed punishment without affording him a separate hearing on the question of punishment. We hold that the trial court did not violate appellant's right to due process.

The relevant facts, as reflected in the case record, are as follows. In September 2000, a Harris County grand jury returned an indictment charging appellant with bribery. *See* Tex. Pen.Code § 36.02(a)(1). In November 2000, appellant pled guilty to the offense charged, pursuant to a plea bargain, and the trial court assessed his punishment at imprisonment for four years and a fine of $1,000. The trial court then suspended imposition of appellant's sentence and placed him on probation for four years, subject to certain conditions.

In July 2003, the State filed a motion to revoke appellant's probation. In September 2003, the State filed an amended motion to revoke, in which it alleged that appellant had violated the conditions of his probation by (1) operating a motor vehicle while intoxicated and (2) consuming a controlled substance, namely cocaine.

In December 2003, the trial court held a hearing on the State's amended motion to revoke. At the start of that hearing, appellant pled "not true" to the State's allegations. The State then presented its evidence, which consisted of the testimony of appellant's probation officer, the testimony of four Houston police officers, and a videotape. The State's evidence, if believed, established that (1) on the evening of July 1, 2003, in Harris County, appellant operated a pickup truck while intoxicated with alcohol, and (2) on or about February 21, 2001, and January 23, 2003, appellant consumed cocaine.

Appellant responded to the State's evidence with his own evidence, which consisted of his own testimony, the testimony of a longtime friend, the testimony of the

---

1. Hereinafter we will refer to "community supervision" by its common name, "probation."

attorney who represented him in this case in 2000, and a letter from his (*i.e.*, appellant's) personal physician. Appellant's evidence, if believed, established that (1) he did not operate a pickup truck while intoxicated as the State had alleged, (2) he may have *appeared* intoxicated on the occasion in question because of a neurological disorder, and (3) he did not consume cocaine as the State had alleged.

After both sides rested and closed, the trial court found that appellant had indeed violated the conditions of his probation. Immediately thereafter, the trial court revoked appellant's probation, assessed his punishment at imprisonment for two years and a fine of $1,000,[2] and then asked him whether he had "anything to say before sentence of law [was] pronounced." Appellant, through his counsel, responded by asking the trial court to postpone imposition of sentence until after the Christmas holidays, so that counsel would have time to gather evidence "as to some alternative" to the punishment assessed.[3] The trial court denied appellant's request.

In January 2004, appellant filed a motion for new trial. In that motion, appellant complained of the trial court's refusal "to postpone imposition of punishment . . . to give counsel the necessary time to prepare and present evidence that would dissuade the Court from ordering [appellant's] incarceration." Appellant argued further that

"[h]ad the court granted [his] request for a separate hearing [on punishment], he would have presented credible evi-

dence that he [had been] diagnosed by reputable physicians with continuing neurological disorders, including (but not limited to) slurred speech, short-term memory loss and bouts of depression. The evidence would have further shown that [he] is still under the care of physicians who continue to treat him and monitor his progress, adjusting, from time to time, the frequency and dosage level of prescribed medications [he] is presently taking."[4]

The trial court denied appellant's motion for new trial.

On direct appeal, appellant, citing the Due Process Clause of the Fourteenth Amendment to the United States Constitution, argued that "[t]he trial court erred by refusing [his] request for a separate hearing on the issue of punishment and erred again by denying [his] motion for new trial." Appellant argued further that the trial court's actions had left him "without any opportunity to be heard on the issue of punishment."

In February 2005, the Fourteenth Court of Appeals rejected appellant's due process argument and affirmed the judgment of the trial court. *Euler v. State*, 158 S.W.3d 75, 78 (Tex.App.-Houston [14th Dist.] 2005). More specifically, the court of appeals held that "appellant received all that he was entitled to because he had the opportunity to, and did, present mitigating evidence [concerning his neurological disorder] during the [revocation] proceedings." *Id.* at 76–77.

2. Under Article 42.12, § 21, of the Texas Code of Criminal Procedure, the trial court had the options of continuing, extending, modifying, or revoking appellant's probation. Under Article 42.12, § 23, the trial court, once it revoked appellant's probation, had the option of reducing the punishment originally assessed.

3. Appellant's counsel made his request at the earliest opportunity, so his request was timely.

4. It thus appears that appellant wanted an opportunity to present more extensive evidence concerning the nature and treatment of his neurological disorder.

Appellant subsequently filed a petition for discretionary review, which we granted. In his petition and accompanying brief, appellant, citing *Duhart v. State*, 668 S.W.2d 384 (Tex.Crim.App.1984), and *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App. 1992), continues to argue that he was denied due process when the trial court denied his request for a separate hearing on punishment. Appellant concedes that he did present, at the revocation hearing, some evidence of his neurological disorder, but he argues that that evidence was offered solely to refute the State's evidence that he had operated a motor vehicle while intoxicated, and was *not* offered in mitigation of punishment. Appellant argues that "[p]unishment was not an issue under the trial judge's purview" at the time the evidence was offered.

■ The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." The touchstone of due process is fundamental fairness. *Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Webb v. State*, 161 Tex.Crim. 442, 278 S.W.2d 158, 160 (App. 1955). Accordingly, no State may deprive any person of the conditional liberty created by probation unless the State employs procedures that are fundamentally fair. *Black v. Romano*, 471 U.S. 606, 610, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). In particular, where, as in Texas, the factfinder, if it finds a violation of the conditions of probation, has discretion to continue the probation, the probationer "is entitled [by due process] to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." *Id.* at 612, 105 S.Ct. 2254.

■ Appellant's argument is, in effect, that his right to due process required the trial court to grant his request for *another hearing on another day* so that he could gather evidence and show that incarceration was not the appropriate punishment in his case. We are not persuaded by this argument, and we discern no error on the part of the trial court. If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation. Part of being prepared for a revocation hearing is being prepared to present evidence and argument on the question of the proper disposition in the event that the trial court finds that the conditions of probation have been violated.

As we stated previously, appellant, in support of his argument, relies upon our decisions in *Duhart v. State*, 668 S.W.2d 384, and *Issa v. State*, 826 S.W.2d 159, both of which involved revocation of deferred-adjudication probation. But appellant's reliance upon those decisions is misplaced, because neither decision suggests that a probationer has a right to a separate punishment hearing on a different day.

In *Duhart* the appellant pled guilty to burglary and received deferred-adjudication probation. The State later filed a motion to adjudicate the appellant's guilt. At the adjudication hearing, both the State and the appellant presented evidence and argument on the question of whether he had violated the conditions of his probation. After both sides rested and closed, the trial court found that the appellant had violated the conditions of his probation, as alleged. The trial court then adjudicated the appellant's guilt and proceeded to as-

sess his punishment. At no time did the appellant ask to present evidence on punishment. On direct appeal, the appellant argued for the first time that his right to due process had been violated when the trial court assessed his punishment without first holding a separate punishment hearing. The court of appeals rejected that argument, and we affirmed. In our opinion, we stated that

"[f]airness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity." *Duhart v. State*, 668 S.W.2d at 387.

We also specifically stated that due process did not require a separate hearing on punishment. *Ibid.* Moreover, it was implicit in our analysis that if the appellant in that case had wanted to present evidence on punishment, he should have asked to do so at the revocation hearing.

In *Issa* the appellant pled guilty to theft and was placed on deferred-adjudication probation. The State later filed a motion to adjudicate the appellant's guilt, and the trial court held a hearing thereon. At the close of the evidence and argument, the trial court, in one swift proclamation, revoked the appellant's probation, adjudicated his guilt, and assessed his punishment—and then quickly left the bench. The appellant had no opportunity in which to ask to present evidence concerning punishment.[5] On direct appeal, he argued that the trial court had erred in assessing punishment immediately after adjudicating guilt. The court of appeals rejected that

argument, but we reversed, holding that "the trial court should have allowed [the] appellant to present ... evidence [on punishment] prior to sentencing." *Issa v. State*, 826 S.W.2d at 161. We explained later in *Hardeman v. State*, 1 S.W.3d 689, 690–691 (Tex.Crim.App.1999), that *Issa* did not stand for a general right to a separate punishment hearing, much less one on a different day. *See also Pearson v. State*, 994 S.W.2d 176 (Tex.Crim.App.1999) (discussing both *Duhart* and *Issa*); G. Dix & R. Dawson, 43A *Texas Practice: Criminal Practice and Procedure* § 40.112 (2nd ed.2001).

The court of appeals did not err in affirming the judgment of the trial court. Therefore, we affirm the judgment of the court of appeals.

MEYERS, J., filed a concurring opinion, in which KELLER, P.J., and KEASLER and HERVEY, JJ., joined.

MEYERS, J., concurring.

I agree that the trial court did not violate Appellant's right to due process. I write separately because I disagree with the majority's implication that Appellant had a due-process right to present evidence regarding his sentence at his probation revocation hearing. 218 S.W.3d at 91. I would instead say that Appellant's due-process rights were satisfied when he plead guilty and was sentenced to four years' imprisonment. At that time, his sentence was probated, and he agreed to conditions of community supervision. When a defendant violates the agreed-upon terms of community supervision, he is entitled to a revocation hearing, and nothing more. Appellant got that. The majority seems to say that Appellant had a

---

**5.** In the instant case, in contrast, appellant *did* have an opportunity in which to ask to present evidence concerning punishment.

due-process right to present evidence at his revocation hearing, but that he did not have a right to another hearing on another day. It also implies that, had Appellant been properly prepared for the revocation hearing, he would have had the due-process right to present whatever evidence and argument he wanted. The majority holds that, because he presented evidence at the revocation hearing, his due-process rights were not violated.

I agree that Appellant's due-process rights were not violated, but for a different reason. Appellant was already found guilty by the trial court, and his sentence was already determined at a punishment hearing. This original punishment hearing satisfied Appellant's due-process rights. Appellant was not entitled to another punishment hearing when his probation was revoked and certainly had no right to additional time to prepare for a hearing that he was not entitled to. Due process is not violated when a defendant does not receive something that he was not entitled to in the first place.

With these comments, I concur in the judgment of the majority.