# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00358-CR

**Judy Turner Walker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 49883, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In late 1999, appellant Judy Turner Walker pled guilty to the charge of aggravated assault with a deadly weapon (repeat offender) in exchange for deferred adjudication with ten years community supervision. In March 2008, the State filed a motion to adjudicate Walker's guilt, alleging that she had violated the terms of her community supervision. The trial court held a hearing on the State's motion, and Walker admitted that the State's allegations were true. The court adjudicated Walker guilty of the underlying assault charge and sentenced her to fifteen years imprisonment. Walker appeals, complaining in one issue that the adjudication proceeding violated her due process rights. We affirm the trial court's judgment.

At the hearing, the trial court accepted Walker's plea of true to the State's allegations that she had violated the terms of her community supervision and found that she had violated her probation. It then said, "Having found that's the case, the next thing to do is to consider your

punishment issues." Walker did not object. The State called Walker's community supervision officer to testify about her behavior, and Walker testified on her own behalf, asking the trial court to give her one more chance. At the conclusion of the hearing, the trial court said, "Ms. Walker, based on your plea of 'true' and based on your stipulation, I'll find it is true that you did violate your probation. And having found that you violated your probation, . . . I'm going to find you guilty of the underlying felony offense." The court then sentenced her to fifteen years in prison.

Walker complains that "the Court did not adjudicate guilt. The Court accepted [Walker]'s plea of true; however, the Court did not find [Walker] guilty during the adjudication phase of the hearing," instead waiting until after sentencing to make that pronouncement. She cites to *Issa v. State* as supporting authority, arguing that when a defendant is convicted and sentenced "in one continuous statement, the defendant had no opportunity to object and therefore did not waive error." *See* 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) ("when a trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment"). She also cites to article 42.12 of the code of criminal procedure, which provides that if a defendant violates her community supervision, she is "entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2008). "After an adjudication of guilt, all proceedings, including assessment of punishment [and] pronouncement of sentence, . . . continue as if the adjudication of guilt had not been deferred." *Id.*

In *Issa*, the trial court heard evidence on the State's motion to adjudicate and in one proclamation, revoked the defendant's probation, adjudicated his guilt of the underlying offense, and

sentenced him to ten years in prison. 826 S.W.2d at 160. The court did not allow the defendant an opportunity to present evidence relevant to sentencing. *Id.* In this case, however, the trial court accepted Walker's plea of true to the allegations and said it was going to proceed to the punishment phase. *See Euler v. State*, 218 S.W.3d 88, 92 (Tex. Crim. App. 2007) (no right to separate punishment hearing). The only thing the trial court did not do is say the words, "I adjudicate you guilty of the underlying offense of aggravated assault." Thus, there was no *Issa* error. *See id.* at 161.

Instead, Walker "not only had the opportunity to, but did present punishment evidence. [Walker] testified in [her] own behalf in regard to punishment, urging the trial court to continue [her] probation . . . . It is immaterial that the opportunity to present evidence came before the actual words of adjudication." *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999); *see also Euler*, 218 S.W.3d at 91-92 (no error to hear evidence on State's motion to revoke, including evidence relevant to punishment, and then revoke probation, adjudicate guilt, and immediately assess punishment). We overrule Walker's sole issue on appeal and affirm the trial court's judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Affirmed

Filed: December 31, 2008

Do Not Publish

3