

NUMBER 13-13-00303-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHN LAZO,                                             **Appellant,**

**v.**

THE STATE OF TEXAS,                               **Appellee.**

**On appeal from the 148th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

Appellant, John Lazo, pleaded guilty to aggravated assault, *see* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2013 3d C.S.) and pursuant to a plea agreement with the State, received deferred adjudication community supervision for a period of ten years. Subsequently, the State filed a motion to revoke, alleging that Lazo violated the

terms of community supervision. At the hearing on the motion to revoke, appellant pleaded "true" to the allegations, and after hearing evidence, the trial court revoked Lazo's community supervision, adjudicated him guilty, and sentenced him to twenty years' confinement. By two issues, Lazo contends that he was denied due process under the United States and Texas Constitutions, and that he received ineffective assistance of counsel. We affirm.

## I. DUE PROCESS

At the revocation hearing, after Lazo pleaded "true" to the State's allegations that he violated the conditions of community supervision, evidence was presented to the trial court. The State called Officer Joseph Garza stating that his testimony was offered "strictly for punishment evidence." After other witnesses testified, the prosecutor and defense counsel stated that each was resting. The trial court asked, "All right. Rest as to punishment phase?" And, each attorney responded, "Yes." After hearing closing argument from each attorney, the trial court revoked community supervision, adjudicated Lazo guilty, and sentenced him to twenty years' confinement. Lazo made no objection.

Appellant argues that the trial court denied him an opportunity to be heard on the issue of punishment and thus, denied him due process of law. *See Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam). However, Lazo made no objection comporting with his argument on appeal despite having the opportunity to do so. *See* TEX. R. APP. P. 33.1(a)(1); *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to

2

present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation.").

Moreover, the law provides no "absolute right to a separate punishment hearing" after the adjudication of guilt at a revocation hearing. *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). And, in this case, the trial court specifically asked if both attorneys were resting regarding punishment and each attorney rested. Thus, Lazo was provided an opportunity to be heard regarding punishment. Lazo was given "the opportunity to present evidence during the proceedings, and that is all that [was] required." *See id.* at 691. We overrule Lazo's first issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, Lazo contends that his trial counsel was ineffective because he failed to object immediately at the end of the adjudication hearing on the basis that the trial court did not conduct a separate hearing on punishment. However, as stated above, there is no absolute right to a separate punishment hearing after the adjudication of guilt at a revocation hearing. *Id.* Thus, Lazo has not shown that his trial counsel's omission rendered his performance deficient. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (providing that we apply a two-part test in determining whether trial counsel rendered ineffective assistance of counsel by first requiring that the appellant show that counsel's performance was deficient, or in other words, that counsel's assistance fell below an objective standard of reasonableness) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Moreover, Lazo does not argue that there is a reasonable probability that, but for counsel's alleged error, the result would have been different. *See Thompson*,

3

9 S.W.3d at 812; *see also Strickland*, 466 U.S. at 694.  Accordingly, we overrule Lazo's second issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
Rogelio Valdez
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of October, 2014.