

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00108-CR

MICHAEL SCOTT BAUGHMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2013-F-00091

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Michael Scott Baughman appeals from a judgment adjudicating him guilty of the offense of retaliation.[1] *See* TEX. PENAL CODE ANN. § 36.06(a)(1)(B), (c) (West 2011). In the underlying prosecution, Baughman pled guilty and was thereafter placed on ten years' deferred adjudication community supervision on March 25, 2013. On April 4, 2013, the State filed a motion to adjudicate guilt alleging that Baughman violated certain conditions of his community supervision because he (1) failed to report for electronic monitoring and regular office visits as directed by the community supervision officer (CSO), (2) failed to participate in the electronic monitoring program, (3) moved from his registered address without advising the necessary authorities, and (4) was found to have been residing in a residence located within 1,000 feet of a school. Baughman pled "not true" to these allegations. The trial court adjudicated Baughman guilty and sentenced him to ten years' imprisonment.

On appeal, Baughman contends that the trial court erred (1) in failing to conduct a separate punishment hearing and (2) in failing to permit him to review the CSO's file. We affirm the judgment of the trial court.

## I.     Separate Punishment Hearing

Baughman contends the trial court erred by failing to conduct a separate punishment hearing following its decision to adjudicate guilt. Although an appellant has a statutory right to a separate punishment hearing, that right may be waived. *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001). To preserve the statutory right to a separate punishment hearing, a

---

[1]Baughman also appeals from a judgment adjudicating him guilty of sexual assault of a child in our appellate cause number 06-14-00107-CR. Our opinion in that appeal is issued of even date herewith.

defendant must complain at trial, or assuming there is no opportunity to do so, in a motion for new trial. *Id*.; *see Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999). The failure to object to the lack of a separate punishment hearing waives the error, if any, for appellate review. TEX. R. APP. P. 33.1(a); *Vidaurri*, 49 S.W.3d at 885–86.

Here, Baughman contends that he was not afforded the opportunity to object at trial to the lack of a separate punishment hearing. Accordingly, under *Issa v. State*, 826 S.W.2d 159 (Tex. Crim. App. 1992) (per curiam), Baughman contends that his motion for new trial properly preserved this point of error for appellate review. Because the trial court found Issa guilty and immediately pronounced sentence, Issa did not have the opportunity to object and was therefore permitted to preserve error by filing a motion for new trial. *Id*. at 161; *see Hardeman*, 1 S.W.3d at 690 (opportunity to object provided when trial court asked Hardeman, after adjudicating guilt, whether he had anything to say before sentence pronounced).

The State contends that, because the trial court indicated its intention of finding Baughman guilty prior to a recess, following which adjudication of guilt was pronounced, Baughman waived his objection in the trial court.[2] There was no adjudication of guilt until after the court recessed, and the trial court did not unequivocally state, prior to recess, that it would adjudicate guilt. Baughman was not required to object merely because it appeared the trial court *might* adjudicate his guilt.

---

[2]Prior to the recess, the trial court indicated, "[W]hat I've got to decide is -- because you didn't even make thirty days - - am I going to devote any more resources to chasing you around this county and trying to make you do what you're required to do." When Baughman indicated that he could follow the requirements, the trial court indicated, "I don't think you can. These conditions of probation are apparently beyond your capacity to do. We're going to take a break and I'm going to give it some thought and come back in and pronounce my judgment." It is at this point, the State contends, that Baughman was required to object.

After the recess, the trial court adjudicated Baughman guilty and pronounced sentence. The record reflects that the trial court announced, "I'm going to adjudicate you guilty of the offense of retaliation. I'm going to revoke your community supervision. I'm going to sentence you to serve ten years in the Institutional Division of the Department of Criminal Justice." Baughman was then remanded to the custody of the sheriff, and court was recessed. The trial court did not ask Baughman whether he knew of any reason why sentence should not be imposed or otherwise had anything to say before sentence was pronounced. *See Euler v. State*, 218 S.W.3d 88, 90 n.3 (Tex. Crim. App. 2007) (request to postpone imposition of sentence timely when trial court announced revocation, assessed punishment, and then asked defendant if he had anything to say before sentence pronounced; request made at earliest opportunity). Baughman was not provided the opportunity to object and, thus, was entitled to preserve his complaint by motion for new trial. *See Issa*, 826 S.W.2d at 161.

We addressed the issue of whether Baughman's motion for new trial preserved error in our opinion of this date in the matter styled *Michael Scott Baughman v. The State of Texas*, No. 06-14-00107-CR. For the reasons stated in that opinion, we find that Baughman failed to preserve this issue for appellate review. In any event, Baughman presented mitigating evidence during the proceedings, as explained in our opinion in cause number 06-14-00107-CR.

## II. CSO's File

We also addressed, in our opinion in cause number 06-14-00107-CR, Baughman's complaint that he was not permitted to review his CSO's file. For the reasons stated in that opinion, we likewise conclude that the trial court improperly exercised its discretion in denying

Baughman's motion to review the file in this case. We further conclude, for the reasons stated in that opinion, that the error did not affect Baughman's substantial rights.

## III.    Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:    November 7, 2014
Date Decided:     November 18, 2014

Do Not Publish

5