**Reversed and Remanded and Opinion Filed December 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01369-CR
### No. 05-13-01370-CR

**JEREMY DEANDRE TAYLOR, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F-0760081-K, F-07-60083-K**

## OPINION

Before Justices FitzGerald, Lang, and Brown
Opinion by Justice FitzGerald

Appellant pled guilty pursuant to plea agreements to the offenses of possession with intent to deliver methylenedioxy methamphetamine and possession with intent to deliver cocaine. The court placed appellant on deferred adjudication community supervision for six years in accordance with the plea agreements. The State subsequently filed motions to revoke probation and proceed with the adjudication of guilt in both cases. Appellant entered a plea of true and confessed to certain violations of the conditions of his probation. The court adjudicated guilt and sentenced appellant to twenty-five years' imprisonment in each case, with the sentences to run concurrently, and a $3,000 fine. In three issues, appellant argues the trial judge failed to act impartially in determining punishment and violated his right to confront a witness against him. Appellant further asserts that the judgments should be modified to reflect the probation

conditions appellant was found to have violated. Because we conclude the trial judge failed to act impartially, we reverse the trial court's judgments and remand the cases for a new sentencing hearing.

## BACKGROUND

On March 23, 2011, pursuant to plea agreements, appellant pled guilty to the charged offenses of possession with intent to deliver methylenedioxy methamphetamine and possession with intent to deliver cocaine. The court placed appellant on deferred adjudication community supervision for a period of six years in accordance with the plea agreements.

In May 2011, the State filed motions to revoke probation and proceed with an adjudication of guilt in both cases, alleging a violation of conditions of probation. Appellant pled true to the violations at a hearing conducted on June 3, 2011, including that he failed a urinalysis by testing positive for cocaine and marijuana. The court found that appellant violated his conditions of probation, but continued appellant on probation and ordered treatment.

On August 2, 2012, the State again filed motions to revoke probation and proceed with adjudications of guilt in both cases. Amended motions to revoke probation were filed on June 11, 2013, alleging violation of conditions (b), (b), (b), (c), (d), (h), (j), (k), (m), (n), (q), and (aa). Appellant resolved the monetary violations when he paid all the fines, fees, and restitution, and the State abandoned those allegations. Appellant entered a plea of true and judicially confessed to violation of conditions (b), (b), (b), (c), (d), (m), and (aa). These conditions included: failure to report to the supervision officer as directed, using a controlled substance or narcotic and failing urinalysis, and failure to obtain or complete treatment.  The court adjudicated guilt and sentenced appellant to twenty-five years' imprisonment in each case, with the sentences to run concurrently. The court also assessed a fine of $3,000 in cause number F07-60083-K.

## ANALYSIS

In his first issue, appellant asserts the trial judge accused appellant of lying because the judge called someone from the bench to verify appellant's employment. Therefore, appellant contends the trial judge failed to act as an impartial tribunal in determining his punishment. The State responds that appellant consented to the telephone call because the letter verifying his employment contained a statement inviting the recipient to contact the employer if further assistance was required.

During the hearing, appellant's wife, Kathryn Dees testified that appellant had been working every day at La Bodega as a forklift driver under the name Jeremy Dees. Appellant used his wife's last name to gain employment because of his criminal background.

Appellant also testified that he was working as a forklift driver and said that he had been so employed for over a year. Appellant stated that his hours varied. Appellant presented the court with a letter from the Personnel Coordinator at La Bodega Meat & Produce dated June 3, 2013. The letter was admitted into evidence. The letter stated that Jeremy Dees, as of the date of the letter, had been employed at the company since October 29, 2012 and the company did not anticipate any substantial reduction in work force. The letter also stated: "Our phone number is located at the top right hand corner of this letter. Please feel free to contact us if you need further assistance."

Appellant also testified that he did not currently have a drug problem. The judge called for a brief recess to have appellant "take a UA." The court heard the arguments of counsel after the recess, and then another recess was taken. Then, the following exchange occurred:

**THE COURT**: All right. Put Mr. Taylor in custody.

**THE DEFENDANT**: That scared me.

**THE COURT**: I don't want you to tell me any things that you don't need to.

–3–

**DEFENSE COUNSEL**: Stop. The Judge said I will subpoena down here who we need to subpoena trying to straighten this out.

**THE COURT**: I spoke to the lawyer and I spoke to the personnel and she told me why you were fired and the problems that they have there, and they want their ID card back.

**THE COURT**: Is there any reason why your client should not be sentenced at this point?

**DEFENSE COUNSEL**: Well, Your Honor, based on this new information with the Court after having made this phone call to the employer over there, that there is a lot of illegals over there and we think the attorney and illegals got frightened when he was terminated, which he is of --

**THE COURT**: He got fired in July.

**DEFENSE COUNSEL**: Well, that's what they said. I don't know if that's true. I don't have any of those witnesses.

**THE COURT**: He is not illegal. Why lie on him?

**THE DEFENDANT**: Are they paying cash? They paid me in cash.

**THE COURT**: Well, let's finish it. He can do a Motion for New Trial if he needs to.

**DEFENSE COUNSEL**: Could I just have a week to subpoena him?

**THE COURT**: It didn't take him a week to bring me this lie, so let's just finish it. We have been here long enough, all of actual -- Is there any reason, in law, why your client should not be sentenced at this time?

The State maintains that by presenting the letter verifying his employment to the court, appellant consented to have the judge contact the employer listed in the letter. According to the State, because "appellant knowingly lied to the court" and "perpetrat[ed] a fraud upon the court, the trial court's actions were not improper." We disagree.

The record is clear that appellant pled true to multiple allegations and judicially confessed; and that proof of one violation is sufficient to support a revocation. The issue, however, focuses on the fairness of the procedure adopted by the trial court in determining the sentences, not whether the sentences were excessive. Did the trial court fail to act as an impartial tribunal in determining the sentences?

The record shows that appellant and his wife testified that for the previous year he had been gainfully employed, become responsible, and basically had changed his life by assuming responsibility for his family. The employment letter supported this claim and was pivotal to his plea for mercy. The letter blew up in his face when the trial judge made personal inquiries to determine the truth of appellant's employment status. And this case developed serious constitutional consequences when the trial court put aside its judicial function and assumed the role of an investigator and ultimately a witness by personally investigating appellant's employment situation.

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law."[1] "The touchstone of due process is fundamental fairness."[2] Due process requires that a neutral and detached judge preside over probation-revocation proceedings.[3] The judge should always act as a neutral arbiter between the advocates; she is not the prosecutor or involved in the fray.[4] In the absence of a clear showing to the contrary, we presume that a judge acted as a neutral and detached hearing officer.[5]

Here, the presumption does not apply because the record demonstrates that the trial judge went beyond the role of a neutral hearing officer by conducting the investigation of the evidence. After contacting appellant's alleged employer, the trial court made clear that it had formed the belief that appellant had been untruthful, and this belief was formed based on the

---

[1] U.S. CONST. amend. XIV.

[2] *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007); *see also Arizona v. Fulminante*, 499 U.S. 279 (1991).

[3] *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Wright v. State*, 640 S.W.2d 265, 269 (Tex. Crim. App. 1982).

[4] *Brown v. State*, 122 S.W.3d 794, 797 (Tex. Crim. App. 2003); *see also Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (stating judge should not act as advocate for any party).

[5] *Jaenicke v. State,* 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

investigation of the evidence. But a trial court's opinions or judgments based on the pending case violate a defendant's constitutional rights when the trial court injects itself into the role of prosecutor as well as eventual witness.[6]

As a general rule, a trial court's critical or disapproving remarks to a party will not ordinarily support a bias or partiality challenge, unless they reveal an opinion based on extrajudicial information.[7] The trial court's conduct, however, goes beyond critical remarks. Here, the trial court's telephone conversation with the alleged employer was an extrajudicial matter that influenced the court's sentencing decision, which decision as to the fair punishments to impose was at the heart of these cases. When the hearing resumed following the recess (when the court apparently made the telephone call), the trial court appeared to be angry and expressed an unwillingness to continue the proceeding to allow defense counsel to subpoena the witness with whom the trial court had spoken. These are not the actions of an unbiased judicial officer. Therefore, under these circumstances, we conclude that appellant was deprived of his due process right to a fundamentally fair sentencing proceeding. Appellant's first issue is sustained.[8] We reverse the trial court's judgments and remand the cases for new sentencing hearings.


Do Not Publish
TEX. R. APP. P. 47
131369F.U05

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

---

[6] *See Blue v. State*, 41 S.W.3d 129, 132–33 (Tex. Crim. App. 2000).

[7] *Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd).

[8] Our resolution of this issue obviates the need to consider appellant's remaining issues. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JEREMY DEANDRE TAYLOR, Appellant

No. 05-13-01369-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-0760081-K.
Opinion delivered by Justice FitzGerald.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for a new sentencing hearing.

Judgment entered December 30, 2014.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEREMY DEANDRE TAYLOR, Appellant

No. 05-13-01370-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F-0760082-K.
Opinion delivered by Justice FitzGerald.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for a new sentencing hearing.

Judgment entered December 30, 2014.