**MODIFY and AFFIRM; and Opinion Filed October 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01004-CR
## No. 05-17-01005-CR

**ANTHONYWAN DESHAWN LACY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-14506-Q & F16-14507-Q**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Anthonywan Deshawn Lacy appeals the trial court's judgments in two cases[1] adjudicating his guilt for evading arrest and terroristic threat on a public servant and sentencing him to confinement. In two points of error, Lacy: (1) contends the trial court erred in adjudicating guilt and sentencing him to confinement without holding a punishment hearing separate from the hearing on the State's motions to proceed with an adjudication of guilt, and (2) requests that we reform the trial court's judgments to accurately reflect he pleaded not true to the State's allegations that he violated conditions of his community supervision. We modify the trial court's judgments

---

[1] Cause No. F16-14506-Q and Cause No. F16-14507-Q.

to reflect Lacy pleaded not true to the allegations in the State's motions to proceed with an adjudication of guilt. As modified, we affirm the trial court's judgments.

## Background

On July 11, 2016, Lacy was charged by indictments in two cases with one count of evading arrest, enhanced by a previous evading arrest conviction,[2] and one count of terroristic threat on a public servant.[3] On February 27, 2017, Lacy pleaded guilty to both offenses pursuant to plea agreements, and the trial court deferred adjudication of guilt and placed Lacy on community supervision for a period of ten years. Lacy's community supervision was subject to various conditions imposed by the trial court.

On June 23, 2017, the State filed a motion to proceed with an adjudication of guilt in both cases. At the hearing on the State's motions, Lacy pleaded not true to the State's allegations that he violated conditions of his community supervision. The only evidence presented at the hearing was the testimony of Lacy's probation officer, Tennille Walker. Walker testified Lacy violated conditions of his community supervision by failing to pay court costs and fines, complete community service, and participate in and comply with the rules and regulations of a substance abuse program. Before ruling on the State's motions, the trial court stated on the record that it received a letter from Dr. Michael Pittman on July 27, 2017, which stated "Mr. Lacy was competent and available to stand trial."

After the parties rested, the trial court asked the parties, "Is there any argument [?]" The State asked the trial court to revoke Lacy's community supervision, find him guilty, and sentence him to a term in prison. Lacy's counsel told the trial court that Lacy "would have been better served if some type of mental health evaluation was conducted prior to him being placed on

[2] Cause No. F16-14506-Q

[3] Cause No. F16-14507-Q

probation," and Lacy was not "equipped with the tools to be successful on probation." On that basis, he asked the trial court to "take that into consideration before [rendering] a sentence."

At the conclusion of the hearing, the trial court found Lacy violated one condition of his community supervision and adjudicated Lacy guilty of the charges in both cases. The trial court assessed punishment at confinement for eighteen months in Cause No. F16-14506-Q and three years in Cause No. F16-14507-Q, to run concurrently. Before rendering judgment, the trial court asked the parties, "Is there any legal reason why [Lacy's] sentence[s] should not be imposed?" Lacy's counsel responded that his "only issue" and "only objection" to the trial court's sentences was that he was "not able to communicate in good faith to the court that [Lacy was] competent." The trial court then rendered judgment and ordered Lacy's sentences to begin immediately. Without filing a motion for new trial, Lacy filed this appeal of the trial court's judgments.

**Analysis**

In his first issue, Lacy contends the trial court erred by failing to conduct a punishment hearing separate from the hearing on the State's motions to proceed with an adjudication of guilt. Lacy argues, "[a]lthough the record indicated [he] did not object to the lack of a punishment hearing, he was not provided the opportunity to lodge an objection. The trial court quickly moved from adjudication to sentencing."

If the trial court assesses punishment in connection with an adjudication of guilt, it must provide the defendant an opportunity to present punishment evidence or object to the sentence. *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim App. 1992) (a defendant "is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence."); *see also Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999). However, a defendant is not entitled to a separate hearing on punishment. *Euler v. State*, 218 S.W.3d 88, 92 (Tex. Crim. App. 2007). If not afforded an opportunity to present punishment

–3–

evidence or object to the trial court's imposition of a sentence, a defendant may preserve a complaint on sentencing for appellate review by filing a motion for new trial. *Pearson*, 994 S.W.2d at 178. *See also* TEX. R. APP. P. 33.1(a) (a criminal defendant must timely object to preserve a complaint for review).

Here, after announcing Lacy's sentences but before rendering judgment, the trial court asked the parties if there was any legal reason the sentences should not be imposed. The "only objection" to the sentences raised by Lacy's counsel was that he could not "communicate in good faith to the Court that [Lacy] is competent." At no time did Lacy ask to present evidence.

> If appellant wanted an opportunity to present evidence and argument on the question of punishment, it was incumbent upon him to ask for that opportunity and to be ready to present such evidence and argument as soon as the trial court announced its finding that he had violated the conditions of his probation. Part of being prepared for a revocation hearing is being prepared to present evidence and argument on the question of the proper disposition in the event that the trial court finds that the conditions of probation have been violated.

*Euler*, 218 S.W.3d at 91. Furthermore, Lacy did not file a motion for new trial.

We conclude Lacy failed to request an opportunity to present evidence on punishment, failed to timely object to the trial court's imposition of punishment on the ground he desired to present punishment evidence, and failed to file a motion for new trial on the ground the trial court did not conduct a punishment hearing separate from the hearing on the State's motion to proceed with an adjudication of guilt. Accordingly, we conclude Lacy has not preserved his complaint for appellate review. We resolve Lacy's first issue against him.

**Modification of Judgment**

In his second issue, Lacy requests that we modify the trial court's judgments to accurately reflect he pleaded not true to the State's allegations in both motions to proceed with an adjudication of guilt. The State joins in Lacy's request. The trial court's judgments in this case reflect Lacy pleaded true to the allegations in the State's motions to proceed with an adjudication of guilt, but

the record reflects he pleaded not true. We may modify a trial court's written judgment to correct a clerical error when we have the necessary information to do so. *See Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.–Dallas 1991, pet. ref'd); *see also* TEX. R. APP. P. 43.2(b).[4] Accordingly, we modify the trial court's judgments in both cases to reflect Lacy pleaded not true to the allegations in the State's motions to proceed with an adjudication of guilt.

As modified, we affirm the trial court's judgments.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.

171004F.U05

---

[4] *See also Gipson v. State*, No. 05-16-01065-CR, 2017 WL 4247965, at \*2 (Tex. App.—Dallas Sept. 25, 2017, no pet.) (mem. op., not designated for publication).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONYWAN DESHAWN LACY,
Appellant

No. 05-17-01004-CR

           V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-14506-Q.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> The section of the trial court's judgment titled "Plea to Motion to Adjudicate" is modified to state "Not True."

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 3rd day of October, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONYWAN DESHAWN LACY,
Appellant

No. 05-17-01005-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-14507-Q.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The section of the trial court's judgment titled "Plea to Motion to Adjudicate" is modified to state "Not True."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 3rd day of October, 2018.