**Modified and Affirmed and Opinion Filed August 18, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-21-00471-CR**
**No. 05-21-00472-CR**

**JEWELL LEE THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-31413-T and F18-10610-T**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

Jewell Lee Thomas appeals the trial court's judgments revoking hiscommunity supervision. In two appellate issues, he argues (1) the trial court erred by refusing to award him back time to which he was entitled, and (2) the trial court abused its discretion in finding that appellant failed to complete the court-ordered drug treatment program, because it was not possible for him to do so. We modify the trial court's judgment to add credit for jail time appellant served before he was sentenced. As modified, we affirm the trial court's judgments.

## Background

Appellant pleaded guilty, in both of these cases, to driving while intoxicated (DWI).[1] The trial court assessed his punishment in each case at ten years' confinement and then probated the sentences for six years and probated a fine of $1,500. One condition of appellant's community supervision required him to participate in and to successfully complete the treatment program in a Substance Abuse Felony Punishment Facility (SAFPF). But appellant was discharged from the Substance Abuse Felony Punishment (SAFP) program for refusing to participate, and the State moved to revoke his community supervision in both cases. After an evidentiary hearing on the motions, the trial court found that appellant had failed to comply with the SAFP condition, revoked his community supervision, and sentenced him to ten years' confinement in each case, to be served concurrently.

## Back Time Credit

In his first issue, appellant challenges the trial court's refusal to give him credit for time he served before sentencing. Awards of such back time credit are governed by article 42.03 of the Texas Code of Criminal Procedure. Appellant concedes that the statute excludes time he spent in the drug treatment program at SAFPF, because

---

[1] Appellant had already been convicted more than twice of DWI offenses, which enhanced these offenses to third-degree felonies. TEX. PENAL CODE ANN. § 49.09(b)(2).

he did not successfully complete the treatment program.[2] *See* TEX. CODE CRIM. PROC. art. 42.03 § 2(a)(2). He contends, however, that he is entitled to credit for the time he spent in jail prior to being sentenced.

The State agrees with appellant that he is due credit for jail time served, but it correctly stated in its brief that the record did not contain information we needed to modify the judgment concerning such a credit. To that end, we abated the appeal and directed the trial court (1) to determine the proper amount of back time due by statute to appellant in each of these cases, and (2) to sign a nunc pro tunc judgment in each case that includes appellant's back time credit. We have received the trial court's supplemental clerk's record complying with our order.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). With the filing of the nunc pro tunc judgments, we now have in the record the information necessary to correct the judgments. Accordingly:

> in the trial court's judgment in its case number F18-31413-T (our case number 05-21-00471-CR), under Total Jail Time Credit, we delete "N/A" and replace it with "501 total days"; and

---

[2] Appellant's community supervision was initially conditioned on completing a treatment program at the Wilmer Judicial Treatment Center. However, the same day he reported to that program, he was taken to the hospital complaining of chest pains. When the hospital released him hours later, he "absconded." He was arrested some six months later, and the trial court added the condition to his community supervision requiring him to complete the in-patient program at SAFPF. Any measurable time spent at the Wilmer Judicial Treatment Center would also be excluded from back time credit.

–3–

in the trial court's judgment in its case number F18-10610-T (our case number 05-21-00472-CR), under Total Jail Time Credit, we delete "N/A" and replace it with "503 total days."

We incorporate the trial court's July 27, 2022 nunc pro tunc judgments into the modified original judgments for all purposes. We sustain appellant's first issue to the extent of these modifications.

## Impossibility of Fulfilling Condition of Community Supervision

In his second issue, appellant contends that the trial court abused its discretion by revoking his community supervision because it was not possible for him to complete the SAFP program. Appellant testified on his own behalf at the revocation hearing. He stated that in May 1996, he had been struck by a vehicle, and his leg was seriously injured. Before his arrest, he was diagnosed with chronic pain syndrome, and he was being treated with steroid injections and opiates. Neither of those treatments is available in a drug treatment facility operated by the Texas Department of Corrections (TDC). Because appellant is unable to have that same treatment while undergoing the SAFP program, he contends that he is constant pain, he cannot concentrate, and therefore he cannot participate in the treatment program.

We review an order revoking community supervision to determine whether the trial court abused its discretion. *See Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible

–4–

evidence. *Id.* at 763–64. In appellant's case, it is undisputed that he did not satisfactorily complete the SAFP program; he failed to satisfy that condition of his community supervision. And a finding of a single violation of community supervision is sufficient to support revocation. *Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). But fairness requires that community supervision not be revoked if the defendant establishes that compliance with a condition was actually impossible. *See Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) ("In particular, where, as in Texas, the factfinder, if it finds a violation of the conditions of probation, has discretion to continue the probation, the probationer 'is entitled [by due process] to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition.'") (quoting *Black v. Romano,* 471 U.S. 606, 612 (1985)).

Along with his own testimony, appellant relies on testimony from Mary Helen Morrow, M.D., the medical director at the East Texas Treatment Facility where the SAFPF was located. Dr. Morrow examined appellant once, and she confirmed the chronic pain diagnosis he had received before his arrest. She referred appellant to a pain management doctor and to a higher level medical unit within the TDC that could better meet his needs. But she did not conclude that appellant needed to leave the TDC system to be properly treated.

Laurie Baker, a community supervision and corrections officer who interacted with appellant during his time in the SAFPF, testified for the State and reported that appellant was screened and adjudged capable of participating in the treatment program. She explained that appellant was assigned to the special needs SAPF program, which had the ability to treat both physical and mental health needs of those on community service. She testified that in her interactions with appellant he never mentioned any physical issue—including pain management or chronic pain—that was a barrier to his completing the SAFP. Instead, she recalled appellant's complaining only about the program's inability to treat his psychiatric needs. Baker testified that appellant signed three separate Refusals of Program Treatment Services on consecutive days in October 2020. After this repeated refusal to participate in treatment, he was discharged from the program. Baker testified that appellant's discharge was classified as "administrative"; it was based on his refusal to participate, not on any inability to participate.

Throughout the hearing, witnesses made references to a possible referral of appellant to a TDC hospital in Galveston for pain management treatment. Due to pandemic restrictions in place at the time, any trip to Galveston would have to be followed by a period of quarantine and a re-start of the SAFP program. Appellant rejected this resolution of his complaint, purportedly because of the delay it would cause in completing the program. The State concedes that treatment at Galveston would not yield an ideal schedule, but it argues the existence of this option

demonstrated that appellant could receive pain management treatment and continue to participate in the SAFPF program.

It was the trial court's role, as the fact finder in this case, to reconcile any conflicts in the evidence and to judge the witnesses' credibility. *See Swearingen v. State,* 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). Here, the only evidence that appellant was physically unable to complete the SAFP treatment program was his own testimony, which the trial court was free to reject, especially if appellant did not raise that complaint at the time of his discharge. Moreover, appellant has rejected a path that would provide him—within the TDC—the very treatment he desires, purportedly because it would require quarantine following treatment. The trial court could have viewed appellant's changing complaints and his rejection of alternative treatment as evidence that he simply did not want to participate in treatment for substance abuse.[3] Indeed, at the hearing, appellant repeatedly rejected the premise that he needed such treatment, asserting that "I don't think I have an alcohol problem. I may have a drinking and driving problem, but I don't—I disagree that I have an alcohol problem."

We conclude that a preponderance of the evidence supports the trial court's rejection of appellant's impossibility justification. Accordingly, the trial court did

---

[3] We note that the trial judge stated she was "struggling" with the fact that appellant had never brought up the pain management issue before, despite his participation in three or four previous hearings.

–7–

not abuse its discretion when it revoked appellant's community supervision for failure to complete the SAFP program. We overrule appellant's second issue.

## Conclusion

As modified, we affirm the trial court's judgments.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

210471f.u05
210472f.u05
Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JEWELL LEE THOMAS, Appellant

No. 05-21-00471-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-31413-T. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under Total Jail Time Credit, we delete "N/A" and replace it with "501 total days".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of August, 2022.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

JEWELL LEE THOMAS, Appellant

No. 05-21-00472-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-10610-T. Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under Total Jail Time Credit, we delete "N/A" and replace it with "503 total days".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of August, 2022.