**AFFIRM; and Opinion Filed April 25, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00394-CR

**SEDRIC DEJUAN BRAXTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-99731-N**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Kennedy
Opinion by Justice Kennedy

On January 11, 2017, the juvenile court adjudicated appellant, Sedric Dejuan Braxton, guilty of murder and placed him on community supervision for ten years. On June 17, 2021, appellant was transferred to the adult court system to complete community supervision after he was arrested for failure to identify and possession of a firearm. Thereafter, the State moved to revoke appellant's community supervision asserting he had violated conditions of his supervision. At the revocation hearing, appellant pleaded true to the State's assertions. The trial court accepted appellant's plea, revoked his community supervision, and assessed

punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In two issues, appellant asserts the trial court abused its discretion in denying his motion to continue the revocation hearing so that he might confer with his family before proceeding with the hearing and in failing to hold a separate punishment hearing after adjudicating him guilty. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

The order transferring appellant's community supervision from the juvenile court to the adult court system indicated that the murder for which appellant was adjudicated guilty occurred on June 9, 2016,[1] and that appellant's adult community supervision was to begin on June 17, 2021. The transfer order set forth the conditions of community supervision including a requirement that appellant report in the manner and time as directed by the Judge or Supervision Officer and submit to random drug testing at the request of the Supervision Officer. The State sought to revoke appellant's community supervision for his alleged violation of these conditions.

---

[1] Appellant was 13 years old at the time of the murder.

The trial court conducted the revocation hearing on April 18, 2022. At that hearing, appellant's counsel made an unsworn oral request to continue the proceeding to allow appellant to discuss the matter further with his family. The trial court confirmed with appellant's counsel that the case had been reset at least once and that the matter had been pending for several weeks. The State indicated it was ready to proceed. The trial court denied appellant's motion and proceeded with the revocation hearing, during which, appellant pleaded true to the asserted violations of the conditions of his community supervision and both parties presented evidence, including the testimony of appellant's probation officer, the murder victim's mother, appellant, and appellant's mother and aunt. Appellant's counsel also asked the court to take judicial notice of any previous proceeding in the court, such as the bond hearing. The trial court took judicial notice of same.

Appellant's probation officer, Mikelle Weeks, testified that on October 5, 2021, appellant tested positive for marijuana. Weeks notified the court of the test results and told appellant he had been summoned to appear in court on November 2, 2021, at 9:00 a.m. and that he should report to him following that appearance. At 10:09 a.m. on November 2, a court officer contacted Weeks looking for appellant as he had not yet appeared for his summons. Weeks then contacted appellant and discovered he was in the waiting room of the specialty court lobby waiting for a drug test. He told appellant he needed to go to the 195th court and respond to his summons. When Weeks was informed that appellant was still a no-show, he went

–3–

to look for him but could not find him. He then checked appellant's electronic leg monitor (ELM) and saw that he was no longer at the courthouse. Appellant left the courthouse approximately four minutes after Weeks told him to go to the 195th court. Weeks attempted to reach appellant on his cell phone, but his calls went to voicemail. On November 8, Weeks received notification that, on November 5, appellant's ELM had been tampered with.

The murder victim's mother testified about her son and indicated that she supported appellant being placed on probation when he was in the juvenile court system because he was so young and expressed how she is now, based upon things she heard about him, very disappointed in him.

Appellant testified that he was nineteen years old at the time of the revocation hearing, that being on probation was stressful and that was why he smoked marijuana and failed the drug test. He claimed that when he went to the court on November 2, he was told he did not have a court date, but now realized that it was probably for a misdemeanor case. He spoke with his probation officer who told him to go down and report to the court officers. He thought he was going to be arrested and locked up, so he left the courthouse. Appellant admitted to removing his ELM. He indicated that from November 2021 until he was arrested in March 2022, he had been living at home and taking care of his children. He talked about his desires for the future including finishing his GED and taking care of his children.

Appellant's mother testified that appellant was a good son, a good father, and that he would abide by his probation conditions if given another chance. Appellant's aunt testified similarly.

In closing arguments, appellant's counsel asked the court to continue appellant on community supervision and the State urged for revocation of appellant's community supervision and a sentence of 10 years' imprisonment. The trial court granted the State's motion, revoked appellant's community supervision and assessed punishment at 10 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

### I. Motion for Continuance

In his first issue, appellant asserts the trial court abused its discretion in denying his motion for continuance. The State responds by asserting appellant failed to preserve his complaint for appellate review.

A criminal proceeding "may be continued on a written motion of the State or of the defendant, upon sufficient cause shown: which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. All motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance. *Id.* art. 29.08. A party that makes an unsworn oral motion for continuance forfeits the right to complain about the denial of that motion

on appeal. *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (citing *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009).

Appellant does not dispute that he did not file a sworn written motion. Rather, citing this Court's opinion in *O'Rarden v. State*, 777 S.W.2d 455 (Tex. App.—Dallas 1989, pet. ref'd), appellant asserts an exception to the requirement of a sworn written motion for continuance exists when the denial of an oral motion amounts to the denial of the rudiments of due process. Appellant, however, fails to recognize that the court of criminal appeals has overruled *O'Rarden* by explicitly refusing to recognize a due process exception to the rule requiring motions for continuance to be written and sworn to preserve the right to complain about the trial court's ruling on appeal. *See Blackshear*, 385 S.W.3d at 591.

Here, appellant's counsel made an unsworn oral motion for continuance at the commencement of the revocation hearing. Because appellant did not file a sworn written motion as required by the code of criminal procedure, he forfeited his right to complain about the trial court's ruling on appeal. *See id.* We overrule appellant's first issue.

## II. Punishment Hearing

In his second issue, appellant asserts the trial court violated his right to due process by not conducting a separate punishment hearing after adjudicating his guilt. The State responds by noting that appellant was adjudicated guilty by the juvenile court in 2017 and placed on straight probation, not deferred adjudication, and that

his community supervision was transferred to the adult court in 2021. Thus, the issue before the trial court at the revocation hearing was whether appellant's community supervision should be revoked, his guilt having already been adjudicated, and appellant having had the opportunity to present evidence prior to sentencing at that hearing. The State further urges that appellant failed to preserve his complaint for review because he did not raise it in the trial court.

To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds therefor and obtain a ruling. TEX. R. APP. P. 33.1(a). There is no indication in the record that appellant raised his complaint about a separate punishment hearing in the trial court. Accordingly, appellant has not preserved his complaint for review.

Notwithstanding appellant's failure to preserve this issue, we conclude the trial court conducted the revocation hearing in compliance with the applicable statute. CRIM. PROC. art. 42A.751(d) (requiring hearing upon filing of motion to revoke probation). When, as here, a defendant enters a plea of true to the violations alleged by the State, the hearing becomes a unitary proceeding to determine the remaining issue of punishment. *See Tapia v. State*, 462 S.W.3d 29, 31, n.2 (Tex. Crim. App. 2015); *Carroll v. State*, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998); *Jeffries v. State*, No. 05-11-00069-CR, 2012 WL 3517314, at *2 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op., not designated for publication). Accordingly, appellant was not entitled to a separate punishment hearing. *Euler v.*

*State*, 218 S.W.3d 88, 91-92 (Tex. Crim. App. 2007) (defendant who was convicted and placed on community supervision had opportunity to present punishment evidence at hearing to revoke supervision and was not entitled to separate punishment hearing). We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Do Not Publish
Tex. R. App. P. 47

220394F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEDRIC DEJUAN BRAXTON,
Appellant

No. 05-22-00394-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2199731-N.
Opinion delivered by Justice
Kennedy. Justices Pedersen, III and
Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 25th day of April, 2023.