**Affirmed and Opinion Filed January 27, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00116-CR**

**No. 05-14-00117-CR**

**No. 05-14-00118-CR**

**No. 05-14-00119-CR**

**No. 05-14-00120-CR**

**JOE VENEGAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**

**Trial Court Cause Nos. F10-41694, F12-70510, F12-70556, F13-18616, F13-18769**

## OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Whitehill

### I. Introduction

The primary issue in this case is whether the cumulative effect of the trial court's strong admonishments at three sentencing hearings show that the trial court exhibited bias and prejudice that deprived appellant of due process and due course of law. Because the record shows that the trial court, while frustrated by appellant's conduct, did not foreclose consideration of the full range of possible punishments, we affirm.

## II. Factual Background

On November 14, 2011, appellant pled guilty to burglary of a habitation. Appellant testified and asked the court to grant him probation. The trial judge referred to the CATS evaluation[1] and appellant's previous offenses and told appellant, among other things, "I'm not happy with your—the fact that you evidently have never learned a lesson because you continue to violate the law . . . You've been on probation before. It tells me that you think you do not have to follow rules."

The judge then asked whether appellant recalled the maximum number of years he could be sentenced for not complying with the terms of his probation. Appellant replied, "20, Your Honor." The judge asked why appellant thought she should give him another chance at probation. Appellant replied that he had a son on the way and wanted to "teach him different." The trial court entered an order of deferred adjudication and placed appellant on community supervision for six years (the "Burglary Case"). When she did so, the trial judge stated,

> I am going to give you one more chance, but you can't sneeze wrong. If you sneeze wrong, I can guaranty that you're probably looking at a minimum of ten years. And I might just give you 20. I'm tired of the nonsense. The public is tired of the nonsense, and I bet your mother is tired of the nonsense. See, I think you have probably grown up and you've just never had anybody that can get you to follow any rules. So I'm here to tell you right now, sir, you don't follow my rules, you're going to prison . . . . Honestly, I'd like to send you to prison right now, but if you want to try to make a go of it and raise your son the right way, then I'm willing to work with you. But I'll also zap you in a New York second.

Appellant was subsequently charged with two assault bodily injury/family violence offenses, and the court conducted a plea hearing on August 2, 2012. Appellant pled guilty to the charges, and the trial court deferred a finding of guilt and placed appellant on community supervision for five years in each case (the "Assault Cases"). As a condition of community

---

[1] A "CATS Evaluation" is a Community Supervision and Corrections Department Comprehensive Assessment and Treatment Services Report.

supervision, appellant was required to submit to alcohol monitoring. The trial judge told appellant of her "zero tolerance," and stated, "the first time he has alcohol in his system, I want a warrant out. First time he misses blowing in that thing, I want a warrant out." The judge further stated, "And I got on these docket sheets stars with zero tolerance. So if you can't follow that rule and get rid of alcohol in your life, then you will go to prison."

On January 14, 2013, the State filed a motion to proceed to an adjudication of guilt in the Burglary Case and the Assault Cases. The motion cited several alleged violations of the terms of appellant's community supervision. While the motion was pending, appellant was indicted for the offense of aggravated assault with a deadly weapon causing serious bodily injury (the "Aggravated Assault Case") and possession of between one and four grams of a controlled substance, methamphetamine (the "Possession Case").

On December 13, 2013, the court conducted a revocation hearing in the Burglary and Assault Cases and a plea hearing in the Possession and Aggravated Assault Cases. Appellant entered an open plea of guilty to the possession and aggravated assault charges, and a plea of true to the allegations in the State's motion to adjudicate guilt in the Burglary and Assault Cases.

The indictment in the Aggravated Assault case charged appellant with recklessly causing bodily injury by operating a motor vehicle in a public place while under the influence of drugs and driving the motor vehicle the wrong way on a highway. This incident produced an accident. The accident victim testified at the revocation hearing that his vehicle had been hit head on while traveling on the highway. The victim suffered three breaks in his ankle, has been unable to work in his profession since the accident, and incurred significant medical expense.

Appellant testified that he had turned down the State's plea offer of ten years' imprisonment because he wanted to get treatment. Appellant apologized to the victim and said that he did not remember the accident, because he had consumed drugs and alcohol. Appellant

–3–

opined that most of his problems resulted from his addictions. On cross-examination, appellant admitted that he had not complied with any of the terms of his probation. At the conclusion of the hearing, the trial judge stated:

> It is sad to see you walk in here like this, but it's even more sad to see that gentleman back there that you could have killed. And I will say this, and any judge up here can argue with me and I'll argue with any defense attorney or any prosecutor in this courthouse, there is no judge in this courthouse that has more mercy than I do. I have done everything I can to help you. I don't put a star by many people's names, and I was willing to even listen and consider sending you to rehab, but nothing has worked for you. I told you, I let you do outpatient rehab. I had a long conversation with you. I remember. You begged me for outpatient rehab, and you didn't do a damn thing you were supposed to do. In Cause Number 10-41694 [the Burglary Case], that's the first case that you were placed on probation on, I assess your punishment—I will find you guilty and assess your punishment at two years confinement in the Texas Department of Criminal Justice.
>
> In Cause Number F12-70556 and F12-70510 [the Assault Cases], and those are both assaults bodily injury, and I went back and reread the police report while I'm listening to you, how you kicked and you woke up and you beat this woman. So in those two cases, each case, ten years confinement in the Texas Department of Criminal Justice. In Cause Number F13-18616 [the Possession Case], I assess your punishment in that case at two years confinement in the Texas Department of Criminal Justice. And in your last case, which you didn't give a damn about anything I tried to help you with, in Cause F13-18769 [the Aggravated Assault Case], I assess your punishment at 15 years confinement in the Texas Department of Criminal Justice. Be blessed I didn't give you the full 20. And sir, you might do all those other people a favor in jail. You can tell them, yeah, Judge Hawthorne will help you, but if you don't do what she asks, they will end up like you.

Appellant moved for a new trial, which the trial court denied. Appellant appeals from that denial.

### III. Issues on Appeal and Standard of Review

In two related points of error, Appellant argues that he is entitled to a new trial, because "The trial court's remarks evinced a clear bias which resulted in a deprivation of Appellant's rights to due process of law as well as due course of law under both the federal and Texas

constitutions. Because the record does not show that the trial court foreclosed considering the full range of punishment and imposed punishments within the range of permitted punishments, we affirm.

## IV. Analysis

### A. Preservation

Appellant complains about the trial judge's comments at the three hearings conducted on November 14, 2011 August 2, 2012, and December 13, 2013. Appellant acknowledges that the verdict is "in keeping with appellant's plea of guilty," and that the sentences are within the statutory range of punishment. Nonetheless, appellant insists the trial court's comments "evince bias of a personal nature" that violate his rights to due process and due course of law.[2] The State contends that Appellant did not preserve the alleged error for our review, or alternatively, that the record shows that the trial court did not violate appellant's rights. Appellant responds that an objection was not required because the error was fundamental.

In *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013), the court of criminal appeals reiterated the "traditional and preferred procedure" for preserving error concerning a trial judge's comments: "Ordinarily, a complaint regarding an improper judicial comment must be preserved at trial." *Id.* But "an exception to the general rule exists in cases where the trial court's comments and conduct amount to fundamental error." *Mays v. State*, No. 05-13-00086-CR, 2014 WL 3058462, at *3 (Tex. App.—Dallas July 8, 2014, no pet.) (mem op. not designated for publication) (citing *Unkart,* 400 S.W.3d at 99).

Here, appellant advances his due process arguments for the first time on appeal. Assuming without deciding that appellant's complaint, if valid, implicates the type of

---

[2] Texas courts generally construe the due course of law provision in the Texas Constitution same manner as the Due Process Clause. *See Lakey v. Taylor*, 435 S.W.3d 309 (Tex. App.—Austin 2014, no pet.).

fundamental error that we may address for the first time on appeal, as discussed below, the trial court's comments did not violate appellant's rights to an impartial judge. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (declining to reach preservation issue because in addressing merits record did not reflect partiality of trial court).

## B. Due Process/Due Course of Law

### 1. Standard of Review

Appellant's sentences resulted from both the revocation of probation for the Burglary and Assault Cases and the punishment assessed for the possession and aggravated assault offenses. We review the sentences imposed by a trial court for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *see also Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (stating orders revoking community supervision reviewed for abuse of discretion).

There is no abuse of discretion unless the decision is so arbitrary and capricious as to fall outside the zone of reasonable disagreement. *See e.g., Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). A trial court's arbitrary refusal to consider the entire range of punishment for an offense or refusal to consider the evidence and imposition of a predetermined punishment constitute violations of a defendant's right to due process of law. *See Gaal v. State,* 332 S.W.3d 448*,* 457 n. 27 (Tex. Crim. App. 2011). But, absent a clear, contrary showing, we presume that a judge acted as a neutral and detached hearing officer. *Jaenicke v. State,* 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

### 2. Application

The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. Similarly, the Texas Constitution provides that "[n]o citizen of this State shall be

deprived of life, liberty, property, privileges or immunities . . . except by the due course of the law of the land." TEX. CONST. art. I, § 19. The touchstone of due process is fundamental fairness." *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). As a general rule, a judge's critical or disapproving remarks to a party will not ordinarily support a bias or partiality challenge, unless they reveal an opinion based on extrajudicial information. *Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the proceedings do not constitute bias or impartiality unless the remarks display a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Litekey v. United States*, 510 U.S. 540, 555 (1994) (discussing extrajudicial source doctrine in the context of recusal motions).

Appellant specifically identifies the following statements in the trial court's commentary as evidence that the trial judge abandoned her neutral role when she: (1)  stated that appellant did not do "a damn thing [he] was supposed to do;" (2) stated she was "not happy" with appellant; (3) stated appellant could not "sneeze wrong;" (4) stated she was "tired of the nonsense" and [appellant was] "on thin ice;" (5) stated "it will not bother me to give you 20 years because you'll be asking for it if you don't do what you're supposed to do;" (6) placed a star beside appellant's name and stated that she had "zero tolerance;" and (7) seemed insulted that appellant "didn't do a damn thing [he was] supposed to do."

The State acknowledges these statements were made, but maintains these comments should not be considered in a vacuum. As the State observes, when appellant told the trial judge that he wanted to guide his child to avoid the mistakes he had made, the trial court credited appellant with saying the smartest thing he could possibly have said. When the judge said that a

ten or twenty year sentence was "probable" or "might result," the court was not guaranteeing a particular sentence. Instead, the use of these equivocal terms suggests that there was an opportunity for some other result than what the court had stated. A trial court does not violate due process by impressing upon a probationer the seriousness of possible consequences of probation. *See Ex Parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005).

In addition, at the November 14 hearing, the judge's comments related to her review of the CATS report. The judge quoted the report that stated appellant had no insight into his behavior and had been unwilling to engage in treatment. The report concluded that appellant's "prognosis for successful completion [was] poor." The record reflects that the judge's comments were based on evidence of appellant's criminal history and the conclusions in the CATS report.

None of trial judge's comments at any of the hearings are sufficient to rebut the presumption of a neutral and detached trial court. Rather, the statements reflect both consideration of the evidence and events that occurred throughout the proceedings. Despite appellant's prior convictions, the trial judge gave appellant another chance by granting probation in the Burglary Case. We conclude that the court's stern admonition was not capricious or unreasonable under the circumstances. Indeed, as the State argued, the fact that the trial judge granted probation shows of a lack of bias.

The record also reflects a lack of bias when appellant subsequently appeared before the court in the August 2, 2012 hearing on the Assault Cases. Again, the court granted probation. The court's commentary concerning zero tolerance for any further violations of the conditions imposed demonstrates only an effort to advise appellant of the significant consequences he could face if he did not comply.

By the time of the December 13 hearing, appellant had failed to comply with the terms of probation in both the Burglary and Assault Cases and had committed two additional offenses—

one of which seriously injured the victim. The court's statements do not reflect predetermined punishment, but rather the court's attempt to assess sentences proportionate to the seriousness of appellant's crimes. In fact, the judge noted that in determining the sentences for the Assault Cases, she re-read the police report detailing the circumstances of the crimes. Although the judge expressed frustration with appellant, the frustration was directed toward appellant's actions throughout the course of the proceedings. There was no reference to anything outside the judicial process. *See Youkers*, 400 S.W.3d at 208.

Appellant contends that the trial judge's personal bias "precluded any consideration of a sentence other than a term of years," but there is nothing in the record suggesting that the judge failed to consider the full range of punishment or that the judge was in any way influenced by an extrajudicial source. To the contrary, we conclude that the comments do not demonstrate a personal bias; they merely reflect the judge's exasperation with appellant's refusal to avail himself of the numerous prior opportunities he had been afforded. *See id*. at 209. The court granted appellant probation on two separate occasions and warned appellant that his failure to comply with the terms of probation would not be tolerated. That appellant was sentenced to imprisonment when he failed to heed the judge's warning does not equal prejudice. As appellant acknowledges, his sentences were within the statutory range of punishment. The judge's comments neither individually nor collectively reflect bias or impartiality and did not infringe on appellant's rights to due process or due course of law.

Appellant's issues are thus overruled, and the trial court's judgments are affirmed.

Do Not Publish
TEX. R. APP. P. 47
140116F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOE VENEGAS, Appellant

No. 05-14-00116-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-41694-P.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOE VENEGAS, Appellant

No. 05-14-00117-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-70510-P.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JOE VENEGAS, Appellant

No. 05-14-00118-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-12-70556-P.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 2015.



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JOE VENEGAS, Appellant

No. 05-14-00119-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-13-18616-P.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 27, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOE VENEGAS, Appellant

No. 05-14-00120-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-13-18769-P.
Opinion delivered by Justice Whitehill.
Justices Lang and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered January 27, 2015.