**Affirmed As Modified and Opinion Filed December 31, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00006-CR

### CHELSEA WALLACE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-41429-T**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Boatright

Chelsea Wallace was charged with aggravated assault with a deadly weapon. She signed a written judicial confession and pled guilty before the trial court without an agreement on punishment. The trial court found Wallace guilty of aggravated assault and sentenced her to six years' confinement. Wallace raises two issues on appeal, arguing that the trial court violated her due process and statutory rights by accepting her guilty plea and by failing to act in a detached manner. We modify the trial court's judgment, and affirm the judgment as modified.

### BACKGROUND

Wallace and Jokera Wilcox had been friends since high school but their friendship ended in November 2016. Wallace posted negative comments about Wilcox on social media, and also posted invitations to fight. Wilcox finally decided to accept Wallace's challenge to fight so on

August 21, 2017, Wilcox and her cousin Artaejah went to Wallace's home at the Mission Ranch Apartments in Mesquite. When they arrived, they saw Wallace standing outside with a friend. Wilcox approached Wallace and began punching her. Wallace pulled a knife from her waistband and stabbed Wilcox. The fight quickly ended and Artaejah took Wilcox to the hospital, where they discovered that Wilcox had been stabbed in her arm, her breast, and her back. These injuries caused one of Wilcox's lungs to collapse, requiring doctors to insert a chest tube. Due to the chest tube and complications with her pregnancy and diabetes, Wilcox spent seven days in the hospital. The police arrested Wallace and charged her with aggravated assault with a deadly weapon.

At the hearing on Wallace's guilty plea, she testified that she carried the knife for protection. The trial court asked whether she was defending herself when she stabbed Wilcox and she replied that she had acted in self-defense. After the trial court threatened to decline Wallace's plea because of her claim of self-defense, Wallace conferred with her attorney and then testified that she had gone too far and should not have used a knife for protection under the circumstances. Wallace reiterated her desire to plead guilty. After both sides closed and presented argument, the trial court accepted Wallace's plea, found her guilty, and sentenced her to six years' confinement. Wallace appeals the trial court's judgment.

**DISCUSSION**

*A. Self-Defense*

Wallace first contends that the trial court violated her due process and statutory rights by accepting her guilty plea when the indications of self-defense precluded an adequate factual basis for her plea. Wallace testified at the hearing on her guilty plea. In response to questions by the trial court, Wallace testified that when she stabbed Wilcox, she was acting in self-defense. After ascertaining that Wallace's attorney had explained the defense of self-defense to her, the court asked Wallace why she was pleading guilty if her actions were in self-defense. The court informed

–2–

Wallace that if she claimed self-defense, the court could not accept her plea of guilty, and the case would be set for trial. The court then recessed the hearing to allow Wallace to confer with her attorney.

After consulting with her attorney, Wallace testified that she understood that she could withdraw her plea of guilty and proceed with a jury trial. She declined to do so. She explained that she thought it was better to admit guilt, explain that there were extenuating circumstances, and acknowledge that she had gone too far by pulling the knife and using it during the fight. The trial court again questioned Wallace to make sure she did not want a jury trial, and to make sure she believed that she exceeded the force necessary to defend herself on that day. Wallace again testified that she wanted to proceed with her guilty plea and did not want a jury trial.

A trial court has no duty to *sua sponte* withdraw a defendant's plea of guilty, even if evidence presented at the hearing fairly raises an issue as to her guilt. *Aldrich v. State*, 53 S.W.3d 460, 467 (Tex. App.—Dallas 2001), *aff'd*, 104 S.W.3d 890 (Tex. Crim. App. 2003). Furthermore, a defendant who does not timely seek to withdraw a guilty plea cannot complain for the first time on appeal that the trial court did not do it for her. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004). Because Wallace did not ask to withdraw her plea of guilty, she cannot now complain that the trial court erred in accepting it.

Even assuming Wallace's complaint was timely, the record establishes a sufficient basis for Wallace's plea of guilty. When a defendant waives her right to a jury trial and pleads guilty, the State is required to introduce evidence showing that the defendant is guilty. TEX. CODE CRIM. PROC. ANN. art. 1.15. This evidence need not prove the defendant's guilt beyond a reasonable doubt, but it must embrace every essential element of the offense charged. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Importantly, a judicial confession, standing

alone, is sufficient to support a guilty plea as long as it covers every element of the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

Here, the indictment charged that Wallace "intentionally, knowingly and recklessly cause[d] bodily injury to JOKERA WILCOX … by STABBING AND BY CUTTING COMPLAINANT WITH A KNIFE, and said defendant did use and exhibit a deadly weapon, to-wit: a KNIFE, during the commission of the assault." At the plea hearing, Wallace affirmed that her attorney had gone over all of the documents with her and she understood the charges and everything she signed. Wallace voluntarily pled guilty. The State introduced her signed judicial confession that addressed every element of the charged offense, including that she used and exhibited a deadly weapon, specifically a knife, in the offense. Her judicial confession, standing alone, is sufficient to support her plea. *Id.*

Wallace asserts her plea of guilty should not have been accepted because there was inadequate disproof of self-defense. The State contends that no authority exists for this proposition. However, even if the State was required to produce a factual basis to disprove self-defense, the record establishes that Wallace testified that she exceeded the force necessary to defend herself during the fight.

Wallace's judicial confession is sufficient to support her guilty plea. The record reflects that Wallace was thoroughly admonished as to the free, voluntary, and knowing nature of her plea, and the serious consequences arising from her decision. Accordingly, we conclude that the trial court did not err in accepting her plea of guilty. We overrule Wallace's first issue.

### B. Neutral Judge

In her second issue, Wallace complains that her due process rights were violated because the trial judge was not neutral and detached. The Due Process Clause of the Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without

due process of law." U.S. CONST. amend. XIV. Similarly, the Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities … except by the due course of the law of the land." TEX. CONST. art. I, § 19. The touchstone of due process is fundamental fairness. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).

Due process requires a neutral and detached judge. *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). In this case, Wallace bases her claim that her due process rights were violated on a statement the judge made during the sentencing hearing—that she was angry that Wallace's case had come before the court. Before finding Wallace guilty and pronouncing a sentence, the judge stated:

> Ms. Wallace and Ms. Wilcox, you don't know how difficult this decision is for me. This is such an unnecessary reason that we are in this courtroom. I just cannot believe we are here for this. It got way out of hand with jawing on Twitter and Instagram, all of this. Ms. Wilcox could have died. Ms. Wallace, you are sitting here in prison garb, in handcuffs. Your family is back there. Your mother has raised you right. Over what? I am so angry right now that we have to deal with this in this court. I am. Ms. Wallace, unfortunately, you are young and you have never been in trouble before, but I cannot overlook the fact that Ms. Wilcox was stabbed over and over and over again.

As a general rule, a judge's critical or disapproving remarks to a party will not ordinarily support a bias or partiality challenge, unless they reveal an opinion based on extrajudicial information. *Youkers v. State*, 400 S.W.3d 200, 208 (Tex. App.—Dallas 2013, pet. ref'd). Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the proceedings do not constitute bias or impartiality unless the remarks display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women' may display, do not establish bias or partiality." *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011) (quoting *Liteky*, 510 U.S. at 555–56). Here, the trial judge's statements are an expression of anger over the circumstances

leading up to the offense. They do not evidence an opinion based upon extrajudicial information, nor do they exhibit anger or antagonism toward Wallace.

Wallace also argues that her due process rights were violated when the trial judge demonstrated bias by sentencing her to six years in the penitentiary instead of community supervision. A trial court's arbitrary refusal to consider the entire range of punishment for an offense, its refusal to consider mitigating evidence, or its decision to impose a predetermined punishment without consideration of the evidence can constitute a violation of a defendant's right to due process of law. *Jaenicke v. State*, 109 S.W.3d 793, 796 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). "Absent a clear showing of bias, a trial court's actions will be presumed to have been correct." *Brumit*, 206 S.W.3d at 645. Bias is not shown when (1) the trial court hears extensive evidence before assessing punishment, (2) the record contains explicit evidence that the trial court considered the full range of punishment, and (3) the trial court made no comments indicating consideration of less than the full range of punishment. *Id.*

Here, the trial court explained to Wallace that the range of punishment for aggravated assault with a deadly weapon is two to twenty years and a fine not to exceed $10,000. Wallace responded that she understood the range; however, Wallace made it clear that she was seeking probation. The trial court heard evidence from several witnesses on the events that led up to and resulted in Wilcox's injuries. The court also heard from witnesses who testified on Wallace's behalf. The trial judge had before her a judicial confession, an open plea of guilty to the allegations in the indictment, and a finding that Wallace used a deadly weapon to commit the offense.

There is nothing in the record to indicate that the trial court did not consider the full range of punishment. The trial judge sentenced Wallace to the lower end of the punishment range. Acknowledging that Wallace had not been in trouble before, the judge stated that she could not overlook the fact that Wilcox had been repeatedly stabbed. Based on this record, the comments of

the trial judge do not indicate bias, partiality, or that the trial court did not consider the full range of punishment. We overrule Wallace's second issue.

## C. Reformation of Judgment

In a cross-point, the State seeks to reform a portion of the judgment that is inconsistent with the record. Specifically, with respect to the terms of a plea bargain, the judgment recites "6 YEARS TDCJ." Contrary to the judgment, the record reflects that Wallace pled guilty without an agreement on punishment. "This court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Consistent with the record, we modify the judgment to reflect that the terms of the plea bargain were "OPEN."

## CONCLUSION

We modify the trial court's judgment and affirm the judgment as modified.


/Jason Boatright/
JASON BOATRIGHT
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
180006F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHELSEA WALLACE, Appellant

No. 05-18-00006-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas

Trial Court Cause No. F17-41429-T.

Opinion delivered by Justice Boatright. Justices Stoddart and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The Plea Bargain Agreement entry of "6 YEARS TDCJ" is stricken and replaced with "OPEN."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 31st day of December, 2018.