**James Wright DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00029–CR.**

Court of Appeals of Texas, Waco.

Nov. 2, 2005.

David A. Pearson IV, Ft. Worth, for appellant.

Tim Curry, Tarrant County Dist. Atty., Ft. Worth, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

James Wright Davis appeals from the revocation of his community supervision for cruelty to animals. He contends in his sole issue that the court abused its discretion by permitting the State to introduce evidence during the revocation hearing regarding the offense for which he was placed on community supervision. We will affirm.

The revocation motion alleged only "technical violations": failure to report, failure to pay fees, and failure to perform community service. Davis pleaded "true" to the allegations that he failed to report and failed to perform the required community service hours.

The State called a community supervision officer who testified about Davis's failure to comply with the terms of his community supervision as alleged in the revocation motion. The State then called two witnesses who testified over Davis's objection to the facts of the cruelty to animals charge for which Davis had been placed on community supervision.

Davis contends that this was improper because this evidence was irrelevant to the allegations in the revocation motion and because the State was essentially permitted to have two sentencing hearings without statutory authority.

■ The Rules of Evidence generally apply to revocation proceedings. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993); *Stevens v. State*, 900 S.W.2d 348, 351 (Tex.App.-Texarkana 1995, pet. ref'd). Rule 401 defines evidence as "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R. EVID. 401.

■ At a revocation hearing, there are several potential issues to be resolved:

(1) whether the allegations of the revocation motion are true, which the State must prove by a preponderance of the evidence; *see Moreno v. State*, 22 S.W.3d 482, 488 (Tex.Crim. App.1999); *Quisenberry v. State*, 88 S.W.3d 745, 749 (Tex.App.-Waco 2002, pet. ref'd);

(2) whether the defendant failed to meet the financial obligations of his community supervision because of an inability to pay, which the defendant must prove by a preponderance of the evidence; *see* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.2005); *Quisenberry*, 88 S.W.3d at 749;

(3) if a violation is found, whether the community supervision should be continued, extended, modified, or revoked; *id.* art. 42.12, § 21(b) (Vernon Supp.2005); and

(4) if community supervision is revoked, whether the sentence should be reduced. *Id.* art. 42.12, § 23(a) (Vernon Supp.2005).

Here, the primary issue for the court to resolve was whether Davis's original sentence of 365 days should be reduced. Article 42.12, section 23(a) permits a court to reduce the original sentence upon revocation if the court "determines that the best interests of society and the defendant would be served by a shorter term of confinement."

■ To the extent that a trial court is called upon to consider reducing a defen-

dant's sentence upon revocation of community supervision, we hold that the facts of the underlying offense for which the defendant was placed on community supervision would have some tendency to make it more or less probable that "the best interests of society" would be served by a reduced sentence. *See* TEX.R. EVID. 401. Thus, the facts of the underlying offense are relevant in a revocation proceeding.

Davis also contends that, by permitting the State to introduce evidence of the facts regarding the underlying offense, the State was essentially permitted to have two sentencing hearings without statutory authority. We disagree.

*Because* article 42.12, section 23(a) permits a court to consider reducing the defendant's sentence upon revocation, this statute plainly provides authority for a second "sentencing hearing." Thus, we hold that the prosecution need not stand mute when the defendant presents evidence and/or argument to justify a reduced sentence in a revocation hearing. Rather, the State may present any evidence relevant to sentencing. *Cf.* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2005).[1]

Accordingly, we overrule Davis's sole issue and affirm the judgment.

---

1. Although article 37.07, § 3(a) provides a useful analogy for the type of evidence relevant to sentencing in a revocation hearing, we do agree with Davis's assertion that this statute does not apply to a revocation hearing.