

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00175-CR

**MANUEL MUNIZ,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. 06-11-14045-BCCR

## MEMORANDUM  OPINION

Manuel Muniz pleaded guilty to aggravated sexual assault of a child and, pursuant to a plea agreement, the court deferred an adjudication of guilt and placed Muniz on community supervision for ten years.  Eleven months later, the court adjudicated Muniz's guilt for violation of his community supervision and sentenced him to fifteen years' imprisonment.  Muniz's attorney has filed an *Anders* brief. Although he was given the opportunity, Muniz has not filed a *pro se* brief or response. We will affirm.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and detailing why there are no arguable grounds for reversal. *See Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gearhart v. State*, 122 S.W.3d 459, 464 (Tex. App.—Corpus Christi 2003, pet. ref'd); *Sowels v. State*, 45 S.W.3d 690, 691 (Tex. App.—Waco 2001, no pet.), *overruled on other grounds by Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). After an independent review of the record, we agree with counsel's conclusion. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *accord Villanueva v. State*, 209 S.W.3d 239, 242-43 (Tex. App.—Waco 2006, no pet.).

The motion to proceed with an adjudication of Muniz's guilt included two factual allegations: (1) that Muniz committed the offense of driving while intoxicated; and (2) that he committed the offense of obstruction or retaliation. The motion alleges that Muniz's conduct violated two conditions of his community supervision: (1) to neither commit nor be convicted of any offense; and (2) to abstain from the use of alcohol. After a hearing, the court found the allegations to be true.

The officer who arrested Muniz for DWI testified to the elements of this offense. Muniz admitted to this officer that he had consumed "six or seven beers." Muniz became hostile after his arrest and, according to the officer, "was mouthing to us the whole way" to the jail. At the jail, Muniz stated "several times that he was going to blow [the officer's] car up and kill [his] family."

The State need prove the allegations of a motion to revoke community supervision (or to proceed with an adjudication of guilty) by only a preponderance of

the evidence. *Moreno v. State*, 22 S.W.3d 482, 488 (Tex. Crim. App. 1999); *Davis v. State*, 181 S.W.3d 426, 427 (Tex. App.—Waco 2005, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008). Here, the State presented sufficient evidence to sustain this burden. Therefore, the court did not abuse its discretion by proceeding with an adjudication of Muniz's guilt.

Muniz's sentence of fifteen years is well within the statutory punishment range. Our independent review of the record does not reveal any arguable grounds for reversal. *See Bledsoe*, 178 S.W.3d at 826-27; *Villanueva*, 209 S.W.3d at 242-43.

Accordingly, we affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Muniz a copy of our decision by certified mail, return receipt requested, at Muniz's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Muniz of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva*, 209 S.W.3d at 249. We grant counsel's motion to withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed February 4, 2009
Do not publish
[CR25]