

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00053-CR

DAVID EARL HUNTER,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

_____

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 06-02034-CRF-361**

_____

## MEMORANDUM OPINION

_____

After being indicted for the felony offense of possession of a controlled substance, Penalty Group 1, with intent to deliver, an amount of four grams or more but less than 200 grams in a drug-free zone, Appellant David Hunter entered into a plea bargain with the State. Hunter pled guilty to the lesser offense of possession of a controlled substance, Penalty Group 1, in a drug-free zone, and was sentenced to ten years in prison, probated for a term of five years.

The State moved to revoke Hunter's probation (community supervision), and

Hunter pled true to three of the alleged violations. The trial court revoked Hunter's community supervision and sentenced him to eight years in prison. Hunter appeals, alleging in his sole issue that the trial court erred in the admission of evidence during the revocation hearing. We will affirm.

Hunter complains that the trial court erroneously admitted evidence of the underlying plea-bargained offense and the possible reasons why the parties plea-bargained, including the possible illegality of the search. During Hunter's cross-examination, after the State had asked Hunter if he knew that the original charge had been reduced because there were issues with the search warrant, the prosecutor asked Hunter what had been found at his house in the search. Hunter's trial counsel made a relevance objection, to which the State replied that the underlying circumstances of the case were relevant in setting punishment. Hunter's trial counsel then asserted that if there was a search-warrant problem in the original case, then evidence of what was found with the search warrant should be kept out. The trial court overruled the objection. Hunter was then asked about the specific drugs found in his house.

We review a trial court's admission or exclusion of evidence for abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). Questions of relevance should be left largely to the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion. *Moreno v. State,* 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Id.*

One of the issues in a revocation proceeding is, if community supervision is revoked, whether the sentence should be reduced. *Davis v. State*, 181 S.W.3d 426, 427 (Tex. App.—Waco 2005, no pet.). To the extent that a trial court is called upon to consider reducing a defendant's sentence upon revocation of community supervision, the facts of the underlying offense for which the defendant was placed on community supervision are relevant. *Id.* at 427-28. Thus, the trial court did not abuse its discretion in overruling Hunter's relevance objection about the drugs that were found. As for the State's questions to Hunter about the plea-bargaining, no objections were made in the trial court, so that part of Hunter's issue has not been preserved for appellate review. TEX. R. APP. P. 33.1(a)(1).

We overrule Hunter's sole issue and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
    (Chief Justice Gray concurs in the judgment to the extent that it affirms the judgment of the trial court. He notes, however, that because the issue of revocation and punishment were tried in a single proceeding without objection, evidence which may have been relevant only to punishment was admitted but may have been irrelevant to the determination to revoke Hunter's community supervision.)
Affirmed
Opinion delivered and filed December 9, 2009
Do not publish
[CR25]