# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00642-CR

---

**Abraham Kulor, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-DC-21-301973, THE HONORABLE KAREN SAGE, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Abraham Kulor appeals the trial court's judgment adjudicating him guilty for the first-degree felony offense of aggravated robbery. *See* Tex. Penal Code § 29.03. Kulor presents two issues on appeal: (1) whether the trial court abused its discretion in admitting extraneous conduct evidence during the unitary revocation proceeding, and (2) whether the trial court's judgment should be modified to reflect the correct pleas to the revocation allegations. For the following reasons, we modify the judgment to correct a clerical error and affirm the judgment as modified.

## BACKGROUND

In December 2021, Kulor was indicted for the first-degree felony offense of aggravated robbery. In June 2022, as part of a plea agreement, Kulor pleaded guilty and judicially confessed to committing the offense, and the State dismissed unrelated charges stemming from the alleged robbery of two women at a vacation rental house ("the Vrbo robbery"). The trial court

accepted Kulor's plea, signed an order of deferred adjudication consistent with the plea agreement, and placed him on deferred-adjudication community supervision for eight years with terms and conditions.

In February 2023, the State filed an original motion to adjudicate Kulor guilty based on numerous alleged violations of the terms and conditions of his community supervision. By June, the State had amended the motion twice so that it totaled thirty-three alleged violations including that Kulor killed two individuals.

In August 2023, the trial court held a hearing on the State's second amended motion to adjudicate. Kulor pleaded true to allegations 1–26 and 31–33 and not true to allegations 27–30, which related to one of the alleged murders. After Kulor entered his pleas and prior to adjudication, the trial court in a single hearing heard both evidence relevant to the State's allegations and other evidence relevant to punishment. Kulor stated that he had no position on whether to bifurcate the proceedings and said that he "just wanted to make sure [he] knew when [he] could present evidence." The trial court explained that it would hear both types of evidence at the same time for efficiency reasons, and Kulor made no objection.

The State's witnesses included Detective Judd who testified about his investigation of the Vrbo robbery. During Judd's testimony, Kulor objected on the grounds that the charge related to the Vrbo robbery was a "404(b) action that took place prior to [Kulor] being placed on [community supervision]" that "was unadjudicated" and "dismissed as part of the plea bargain agreement." *See* Tex. R. Evid. 404(b) (addressing admissibility of extraneous crimes, wrongs, or other acts). The State responded that prior bad acts may be admitted as punishment evidence. The trial court overruled Kulor's objection and permitted a running objection for a due

2

process violation. Kulor called one witness, Kulor's juvenile attorney, who testified to mitigating evidence.

At the conclusion of the hearing, the trial court found all of the State's allegations against Kulor true, revoked his deferred-adjudication community supervision, found Kulor guilty of aggravated robbery, and sentenced him to fifty years' confinement. Kulor filed a motion for new trial, which was overruled by operation of law. This appeal followed.

## ANALYSIS

### Standard of Review

Both a trial court's revocation decision and its evidentiary rulings are reviewed for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (explaining standard of review for revocation decisions); *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016) (explaining standard of review for admission of evidence). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles." *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (internal quotation marks omitted).

Proceedings on a motion to adjudicate require the State to prove, by a preponderance of the evidence, that at least one condition of community supervision was violated. *Atchison v. State*, 124 S.W.3d 755, 758–59 (Tex. App.—Austin 2003, pet. ref'd). Therefore, "to prevail on appeal, the defendant must successfully challenge *all* of the findings that support the revocation order." *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (emphasis added); *accord Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (explaining that "one sufficient ground for revocation will support the court's order to revoke probation"); *see also Scott v. State*, No. 03-16-00213-CR, 2017 WL 3996387 at *3 (Tex. App.—

3

Austin Sept. 7, 2017, no pet.) (mem. op., not designated for publication) (citing *Silber*, 371 S.W.3d at 611) (declining to remand when appellant argued that if trial court only found two allegations true, sentence imposed may have been shorter).

**Admission of the Evidence of the Vrbo Robbery**

In Kulor's first issue, he argues that the trial court abused its discretion in admitting evidence of the Vrbo robbery, "which occurred before Kulor was on probation[1] and was dismissed as part of the original plea bargain, at the adjudication phase of the proceeding." We consider two distinct complaints encompassed by Kulor's first issue: (1) whether the trial court abused its discretion and violated Kulor's due process rights in admitting the evidence of the Vrbo robbery during a unitary revocation proceeding and (2) whether the trial court abused its discretion in admitting this evidence because the charge related to the Vrbo robbery was dismissed as part of the original plea bargain and occurred prior to the trial court placing Kulor on community supervision.

Beginning with Kulor's argument that concerns the trial court's decision to admit the evidence of the Vrbo robbery before the adjudication of guilt, Kulor appears to argue that this evidence could have unduly influenced the trial court's determination that Kulor violated the terms of his community supervision such that his due process rights were violated.[2] But in general, a

---

[1] Probation and community supervision are often used interchangeably because "prior to 1993, community supervision was referred to as probation." *Lake v. State*, 532 S.W.3d 408, 409 n.1 (Tex. Crim. App. 2017).

[2] The State contends that this argument was not properly presented for review because Kulor simply states, without any kind of authority, that admitting the evidence of the Vrbo robbery was a due process violation. *Accord Bohannan v. State*, 546 S.W.3d 166, 179–80 (Tex. Crim. App. 2017) ("[A] bare claim that the prosecution and conviction are 'fundamentally unfair' and violate 'any notion of due process or due course of law,' with nothing else, is conclusory, does not make an argument, and does not contain any citations to appropriate authorities . . . . Accordingly,

4

trial court does not violate due process by conducting a unitary revocation proceeding because there is no "general right to a separate punishment hearing."[3] *Euler v. State*, 218 S.W.3d 88, 92–93 (Tex. Crim. App. 2007). Rather, the defendant need only have "the *opportunity* to present [mitigating] evidence *during the proceedings*." *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).

In this case, Kulor had the opportunity to show "that there was a justifiable excuse for any violation or that revocation [was] not the appropriate disposition." *See Euler*, 218 S.W.3d at 91 (internal quotation marks omitted) (explaining that so long as this requirement is met, unitary revocation proceedings are permissible). Indeed, Kulor took advantage of this opportunity to present mitigating evidence through the testimony of his previous attorney. *See Durhart v. State*, 668 S.W.2d 384, 387 (Tex. Crim. App. 1984) ("Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' . . . and before the assessment of punishment *if such evidence has not already been elicited during the proceedings*") (emphasis added). In this context, we cannot conclude that the trial court violated Kulor's due process rights or abused its discretion by

---

Appellant's due process argument is inadequately briefed, and we decline to address it."). For purposes of our analysis, we assume, without deciding, that Kulor has presented the argument for our review.

[3] Kulor appears to contend that the proceeding itself being unitary is a violation of due process. However, Kulor has not preserved this argument for our review because he did not object to it, instead stating, "I have no position [on a unitary proceeding]. I just wanted to make sure I knew when we could present evidence." *See* Tex. R. App. P. 33.1 (requiring that complainant state what ruling they want from trial court and grounds for being entitled to that ruling to preserve argument for appellate review). In any case, as we observe above, trial courts may conduct unitary revocation hearings. *Euler v. State*, 218 S.W.3d 88, 92 (Tex. Crim. App. 2007); *see also Lopez v. State*, 96 S.W.3d 406, 416 (Tex. App.—Austin 2002, pet. ref'd) (permitting punishment and mitigation evidence to be heard prior to adjudication of guilt in revocation proceeding so long as defendant has opportunity to present such evidence).

admitting the evidence of the Vrbo robbery during the unitary proceeding and before the adjudication of guilt.

Kulor also argues that the trial court abused its discretion in admitting the evidence of the Vrbo robbery because the charge related to the robbery was dismissed as part of the original plea bargain and occurred prior to the trial court placing Kulor on community supervision. But evidence related to charges that were dismissed may be admitted as punishment evidence during a revocation proceeding. *See* Tex. Code Crim. Proc. arts. 42A.755(a)(1) (permitting trial court to "proceed to dispose of the case as if there had been no community supervision" after revocation), 37.07 § 3(a)(1) ("[E]vidence may be offered by the [S]tate . . . as to any matter the court deems relevant to sentencing, including but not limited to . . . any other evidence of an extraneous crime or bad act."); *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012) (characterizing revocation proceedings as trial-like stating, "there are few procedural differences between a Texas criminal trial and a Texas community-supervision revocation proceeding," and noting same rules of evidence apply); *see also Davis v. State*, 181 S.W.3d 426, 428 (Tex. App.—Waco 2005, no pet.) ("[T]he prosecution need not stand mute when the defendant presents evidence and/or argument to justify a reduced sentence in a revocation hearing. Rather, the State may present any evidence relevant to sentencing.").

Furthermore, there is nothing *in the plea agreement* that could support implying that the State agreed not to use evidence of the Vrbo robbery at a subsequent hearing on a motion to adjudicate. *See Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) (explaining that plea agreements are contractual and appellate courts "will rarely disturb the terms of such agreements"); *see also Ex parte Moussazadeh*, 64 S.W.3d 404, 411 (Tex. Crim. App. 2001), *rev'd on other grounds on reconsideration*, 361 S.W.3d 684 (Tex. Crim. App. 2012) (observing that

courts will imply terms in plea agreement "only when necessary to effectuate the intention of the parties as disclosed by the [agreement] as a whole" (internal quotation marks omitted)).

For these reasons, we conclude that the trial court did not abuse its discretion in admitting the evidence of the Vrbo robbery during the unitary proceeding.

**Clerical Error**

In his second issue, Kulor argues that the trial court's judgment should be modified to reflect the correct pleas to the revocation allegations. The State agrees that the judgment does not correctly reflect Kulor's pleas. The judgment adjudicating guilt reflects that Kulor entered a plea of "Not True" to all the allegations, but the record reflects that Kulor pleaded "True" to allegations 1–26 and 31–33 but "Not True" to allegations 27–30. Appellate courts have the authority to correct or reform a judgment when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment adjudicating guilt to reflect that Kulor's "Plea to Motion to Adjudicate" is "True" to allegations 1–26 and 31–33 but "Not True" to allegations 27–30.[4]

**CONCLUSION**

For these reasons, we overrule Kulor's first issue, sustain his second issue, modify the trial court's judgment adjudicating guilt to correct the clerical error as stated above, and affirm the judgment as modified.

---

[4] The trial court signed a judgment nunc pro tunc to correct a different clerical error in the judgment, but it did not correct the clerical error as to Kulor's pleas.

_____

Rosa Lopez Theofanis, Justice

Before Justices Theofanis, Crump, and Ellis

Modified and, as Modified, Affirmed

Filed:   April 4, 2025

Do Not Publish